486 So.2d 936 (1986)
Claude HART
v.
LOUISIANA POWER & LIGHT COMPANY.
No. CA 85 0010.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
Writ Denied May 30, 1986.
Thomas J. Hogan, Jr., Law Office of E. Lynn Singleton, Greensburg, for plaintiff-appellee Claude Hart.
Gregory C. Thomas and Stefan Kazmierski of Monroe & Lemann, New Orleans, for defendant-appellant Louisiana Power & Light Co.
Before EDWARDS, LANIER and PONDER,[*] JJ.
LANIER, Judge.
This is a suit for damages in tort by the driver of a van against the owner of a utility pole which was located off of the roadway in a parking lot. The petition alleged the utility company had a duty to maintain the pole in such a manner that it did not cause harm to others and that the utility company was negligent by (1) maintaining the pole dangerously close to the street right-of-way, (2) failing to mark or paint the pole to make it visible to vehicular traffic, and (3) failing to cushion the pole so it would not cause harm to vehicular traffic. After a trial, judgment was rendered finding the utility company 90% at fault and the plaintiff 10% at fault; special and general damages were fixed at $8,146.42. This suspensive appeal followed. The *937 plaintiff answered the appeal requesting the 10% fault finding against him be set aside and the general damage award of $5,000 be increased to $15,000.

FACTS
On the afternoon of February 9, 1982, Claude Hart was driving a van owned by his employer in a southerly direction on South Magnolia Street in the City of Hammond, Parish of Tangipahoa, Louisiana. South Magnolia ends in a T-type intersection with West Coleman Street. South Magnolia and West Coleman are two-lane streets. A stop sign controls southbound traffic on South Magnolia at its intersection with West Coleman. Hart stopped at the stop sign. He intended to turn left across the westbound lane of West Coleman and proceed in an easterly direction on West Coleman. Louisiana Power & Light Company (LP & L) maintained a power line on utility poles adjacent to the south edge of West Coleman. When Hart attempted to turn left onto West Coleman, he ran into one of these poles. The pole in question was located in the parking lot of a park and was 2.9 feet away from the southern edge of the traveled portion of West Coleman. At the time of the accident, the pole had been in the same position for approximately 25 years and was painted white from the ground to a height of about five feet. The distance from a stopped position on South Magnolia to the pole was 36.3 feet, and the view was unobstructed. Very succinctly, Hart stopped at the intersection, looked to see if he could enter the intersection safely and, upon determining that he could, commenced his turn and drove straight into a utility pole located off of the roadway in his unobstructed line of vision.

CAUSE IN FACTUNREASONABLE RISK

(Assignment of Error 1)
LP & L contends the trial court committed error by finding it at fault. Specifically, it contends the trial court committed error when it held, "as a matter of law, the burden of proof as to cause shifts to the defendant upon a mere showing of ownership on the part of the defendant and damage to the plaintiff." Stated another way, did the trial court err when it held the plaintiff satisfied his burden of proof when he proved ownership of the pole in LP & L and damage to himself? In his oral reasons for judgment, the trial judge stated the following:
We've got to look at custody, or guard if you please .. ownership .. we've got to look at the utility versus the risk of harm. As we all know the laws have evolved, and they've changed. The matter of ownership, or guard, involve the notice, containment, duty risk .. risk of harm. The owner of property now has a tremendous duty to forsee [sic] the harm that would incur, and once ownership and damage is proven then the burden shifts.
The evidence shows LP & L had knowledge of the placement of its pole in the parking lot and the proximity of the pole to the street. In this factual posture, it is irrelevant whether we analyze the case as one of negligent liability or strict liability. In Farr v. Montgomery Ward and Company, Inc., 430 So.2d 1141, 1143 (La.App. 1st Cir.1983), writ denied, 435 So.2d 429 (La.1983), appears the following:
This duty is the same under the strict liability theory of La.C.C. art. 2317 as under the negligent liability theory of La.C.C. art. 2315. The difference in proof between these theories of liability is that under La.C.C. art. 2315, it must be shown that the owner, or person in custody, either knew or should have known of the risk, whereas under La.C.C. art. 2317, a claimant is relieved of proving the defendant's scienter. Under either theory of liability, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the "custody" of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises (breach of the duty); and (3) that the defect in the property was a cause in fact of the *938 resulting injury. In both negligent and strict liability cases, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing. Under either theory of liability, the court must decide if the risk which causes the injury is within the ambit of protection of the duty. [Citations omitted.]
The utility pole was located in a parking lot. Vehicles would park in the lot perpendicular to the street and parallel to each other. The pole was not located in the traveled portion of the street or on the shoulder of the street. There is no evidence that the pole had a defect in itself. The pole was painted white from the ground up to a height of about five feet. The parking lot was obviously designed and intended for the parking of vehicles, not for through travel of vehicles at a substantial speed. The pole did not create an unreasonable risk of harm for those intending to park their vehicles. The pole did not pose an unreasonable risk of harm to those using the street because it was not located in any portion of the street (2.9 feet away from the street).
The sole cause in fact of the accident was the negligence of Hart. He was attempting a left turn onto a street that had the favored right-of-way. The utility pole was in plain view and painted white from the ground to a height of about five feet. After coming to a stop and looking to see if it were safe to proceed, Hart drove through the intersection and off of the street into the pole. It is difficult to conceive what other negligent acts Hart could have committed in this factual setting. The location and design of the LP & L pole was not a cause in fact of Hart's injuries. Armand v. Louisiana Power & Light Company, 482 So.2d 802 (La.App. 4th Cir.1986). The finding of the trial court to the contrary is clearly wrong as a matter of fact and law.
This assignment of error has merit.[1]

DECREE
For the foregoing reasons, the judgment of the trial court is reversed and the Hart's petition is dismissed with prejudice. Hart is cast for all costs.
REVERSED.
EDWARDS, J., concurs in the result and will assign reasons.
NOTES
[*] Judge Elven E. Ponder, retired, appointed to hear appeals vice Judge John S. Covington, temporarily assigned to the Twenty-Fifth Judicial District Court.
[1] Because we find merit in assignment of error 1, it is unnecessary to rule on assignments of error 2 and 3 or rule on the errors urged in the answer to the appeal.