498 So.2d 260 (1986)
Jo-Etta Lynn WORSHAM, et al.
v.
Rose T. WALKER, et al.
No. 85 CA 1038.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Writs Denied January 23, 1987.
*262 Robert S. Cooper, Terry B. Loup, Baton Rouge, for plaintiffs1st appellants Jo-Etta Lyn Worsham, James Worsham and Dovie Worsham.
Clinton Hyatt, Baton Rouge, for defendant2nd appellant Rose T. Walker.
Horace C. Lane, Baton Rouge, for State Farm Mut. Auto. Ins. Co.
Charles A. O'Brian, III, Baton Rouge, for defendant-appellee Safeco Ins. Co.
William R. Aaron, Baton Rouge, for City of Baton Rouge, East Baton Rouge Parish.
Harvey Lee Hall, Baton Rouge, for defendant-appellee State of La., Dept. of Transp. and Development.
Terrence C. McRea, Baton Rouge, for City of Baton Rouge.
Before SAVOIE, CRAIN and COVINGTON, JJ.
SAVOIE, Judge.
This litigation arose as a result of a severe automobile accident on September 22, 1982, involving Miss Jo-Etta Worsham and Mrs. Rose Walker. Mrs. Walker was traveling north on Flannery Road in East Baton Rouge Parish. While attempting to prevent a child from falling off the seat, Mrs. Walker's automobile strayed off the roadway and onto the shoulder. It is questionable whether she reached for the child before running off the roadway or while traveling on the shoulder. In the process of reentering the highway, Mrs. Walker traversed the grassy shoulder and then reentered the roadway at a point where it had been patched. Upon reentry Mrs. Walker's Oldsmobile crossed the centerline and collided head-on with Miss Worsham's Volkswagen. Mrs. Walker alleges that the shoulder of the road was defective, causing her to lose control of her car as she attempted to reenter the roadway.
Miss Worsham suffered severe injuries as a result of the accident. She filed suit against Mrs. Walker and her insurer, State Farm Mutual Insurance Company (State Farm), the City of Baton Rouge and the Parish of East Baton Rouge (City-Parish), and Safeco Insurance Company of America (Safeco), the alleged uninsured motorist insurer of the car she was driving. The suit alleged that the accident was caused by the fault of Mrs. Walker and the City-Parish.
Miss Worsham's parents sought damages for loss of consortium. Mrs. Walker reconvened against the City-Parish for her damages. All of the defendants denied liability and filed third-party claims against each other for indemnification and/or contribution.
The trial court granted Safeco's motion for summary judgment and dismissed them. At the conclusion of the trial, the court ruled that the conduct of Mrs. Walker was the sole and proximate cause of the accident. Judgment was rendered dismissing both the Worshams' and Mrs. Walker's claims against the City-Parish. Judgment was rendered in favor of Miss Worsham and against Mrs. Walker in the following amounts: $400,000.00 for general damages, $27,965.94 in medical expenses, and $21,276.00 in lost wages. Mr. & Mrs. Worsham received nothing for their loss of consortium claim. Miss Worsham, her parents, Mrs. Walker and her insurer, State Farm, have appealed.
Mrs. Walker has specified the following assignments of error:
1. The trial court was clearly wrong in ignoring the testimony of the maintenance supervisor for the City-Parish, which constituted a judicial admission of fault.

*263 2. The trial court committed manifest error by deciding that the sole and proximate cause of the accident was the action of Mrs. Walker and that the City-Parish was not at fault.
3. The trial court was clearly wrong in not awarding damages to Mrs. Walker for her injuries.
In their assignments of error, Miss Worsham and her parents contend that the trial court erred in:
1. failing to impose any liability on the City-Parish;
2. finding that the sole proximate cause of the accident was the negligence of Mrs. Walker;
3. failing to award Miss Worsham any damages for her future medical expenses;
4. failing to award Miss Worsham any damages for future loss of income and/or impaired earning capacity;
5. its award of general damages as it was so low that it was an abuse of discretion;
6. failing to award any damages to James and Dovie Worsham, Jo-Etta's parents, for loss of consortium; and
7. granting Safeco's motion for summary judgment.

Mrs. Walker's Assignments of Error
In Louisiana a plaintiff may recover damages under strict liability from the governing body for injuries sustained in an accident on a highway by showing that (1) the thing which caused damages was in the care and custody of the governing body, (2) it had a vice or defect which caused unreasonable risk or injury to another, (3) the injuries complained of were caused by the vice or defect. LSA-C.C. art. 2317; Collins v. Parish of East Baton Rouge, 398 So.2d 602 (La.App. 1st Cir.1981), Jones v. City of Baton Rouge, etc., 388 So.2d 737 (La.1980).
Under a negligence theory, the governing body is under a duty to maintain safe highways and shoulders, that duty extending to protect the people who may foreseeably be placed in danger by an unreasonably dangerous condition. This duty encompasses the risk of a vehicle straying onto the shoulder, attempting to reenter the highway, going out of control and striking another vehicle. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980).
Under either theory, strict liability or negligence, the plaintiff must prove a defect and that such defect caused the damages. Thus, the evidence must clearly show that the shoulder at the point at which Mrs. Walker reentered was defective and that the defective shoulder caused the accident.
After hearing the testimony of several experts and reviewing numerous photographs of the road shoulder, the trial court found that the sole cause of the accident was not the shoulder but the conduct of Mrs. Walker. In reviewing all of the evidence before us, we cannot say the trial court was manifestly erroneous.
The drop-off shown by the photographs may very well be a defect as to that portion of the shoulder. However, Mrs. Walker did not attempt to reenter the roadway at that point. The evidence does not prove a significant depression in the area over which Mrs. Walker's tires traveled. Lt. Lonnie Keller of the East Baton Rouge Sheriff's Office investigated the accident and rolled over the path of Mrs. Walker's tires with a measuring wheel. Lt. Keller testified that there was no significant hole or depression, stating, "[I]f it would have been a hole or something, a deep impression, I would have definitely been aware of it because I rolled right over it." We find that without such a depression the patch over which her car reentered[1] would not have been sufficient by itself to constitute a defective condition. *264 This finding is supported by the plaintiff's expert, Mr. Evans, who testified that the "patch alone would have been no problem."
Assuming arguendo that the testimony of Mr. Charles Collier, the maintenance supervisor for the City-Parish, does constitute a judicial admission of fact, it has no effect on our holding. Whether or not the drop-off on the shoulder constitutes a defect is of no consequence as we find that Mrs. Walker's car did not traverse this drop-off.
Because we find the trial court did not err in finding Mrs. Walker's conduct to be the sole proximate cause of the accident, her claim for damages against the City-Parish was properly dismissed.

Miss Worsham's Assignments of error
For the reasons stated above, we find that Miss Worsham's assignments of error (1) and (2) concerning the liability of the City-Parish to be without merit.

Quantum
The trial court awarded Miss Worsham the stipulated amount of past medical expenses totalling $27,965.94. Miss Worsham contends that the trial court erred in failing to award damages for her future medical expenses. We agree. The failure of a district court to award future medical expenses, where proven to the extent required by law, is an abuse of discretion. Hayes v. Commercial Union Assurance Company, 459 So.2d 1245 (La.App. 1st Cir. 1984), writ denied, 462 So.2d 1247 (La. 1985).
The record contains an abundance of expert testimony regarding both the nature, extent and costs of Miss Worsham's future medical treatment. We find an award of $25,000.00 for future medical expenses to be the minimum adequate award.
The trial court awarded Miss Worsham $21,276.00 for loss of past wages from the date of the accident to the trial. Miss Worsham contends that the trial court further erred in failing to award damages for future loss of income and/or earning capacity. We agree.
Because awards of damages for future loss of income are speculative by nature and cannot be calculated with mathematical certainty, the trial court must have much discretion in fixing the amount of such awards. Black v. Ebasco Services, Inc., 411 So.2d 1159, 1163 (La.App. 1st Cir.1982). However, the failure to make any award, when the plaintiff has proven even minimal damages in this regard, is an abuse of discretion. Prevost v. Cowan, 431 So.2d 1063, 1067 (La.App. 1st Cir. 1983).
At the time of the accident Miss Worsham was employed as a bartender/waitress earning approximately $8,500.00 annually. Previously she had worked as a PBX operator, waitress, sheet rock scraper, house cleaner, bartendress and secretary/receptionist. Her work experience places her in the low level semi-skilled to unskilled area.
Miss Worsham has a tenth-grade education. She failed the G.E.D. in California and was not allowed to take the test in Louisiana because of her low scores on the application test. Dr. Bob Gisclair, an expert in vocational rehabilitation, testified that with some preparation Miss Worsham is capable of passing the G.E.D.. He further testified that with some degree of rehabilitation training, Miss Worsham would be employable but with certain physical restrictions. We find this evidence persuasive.
We amend the trial court's award to add $17,000.00 for loss of future income. This amount is based upon the evidence presented that Miss Worsham will require one year of preparation for the G.E.D. and one year of rehabilitative training to be employable. During these two years, Miss Worsham will lose her current income.
We find no merit in Miss Worsham's contention that the trial court's award of $400,000.00 for general damages was so low as to constitute an abuse of discretion. After reviewing the record, we find an award of $400,000.00 to be within the much discretion of the trial court.

*265 Insurance
Miss Worsham's final assignment of error specifies that the trial court erred in granting the motion for summary judgment filed by Safeco. We agree.
Safeco was dismissed from the suit at the outset based on the trial court's determination that an insurance policy issued by Safeco to Mr. Worsham was not applicable in this case.
The undisputed facts are as follows:
1. An insurance policy was issued by Safeco to James Worsham insuring all family vehicles with a policy period from April 28, 1982 to October 28, 1982.
2. An additional Volkswagen automobile was acquired by Mr. Worsham on August 18, 1982.
3. The accident involving the Volkswagen occurred on September 22, 1982.
4. Notice to add the Volkswagen as a listed vehicle under the policy was given on October 6, 1982, after the accident but within the policy period.
5. The policy defines an insured vehicle under the policy as follows:
"insured automobile means"
* * * * * *
(b) a private passenger, farm or utility automobile, ownership of which is acquired by the named insured during the policy period, provided:
* * * * * *
(2) Safeco insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies Safeco during the policy period in which it is acquired or within 30 days after the date of such acquisition of his election to make this and no other policy issued by Safeco applicable to such automobile ..."
The meaning of the policy language is clear that coverage is automatic on the date of acquisition for any vehicle acquired by the named insured if he notifies the insurer during the policy period or within thirty (30) days after the date of such acquisition. Notice is a condition subsequent rather than a condition precedent to extended coverage.
In the case sub judice, notice was given during the policy period. Therefore, coverage applied from the date of acquisition under the terms of the policy. This additional risk created by the automatic coverage provision is included in the insurance premium. This interpretation is consistent with the holdings of Knotts v. Hardware Mutual Casualty Company, 272 So.2d 788 (La.App. 2nd Cir.1973) and Barrett v. State Farm Mutual Insurance Company, 236 So.2d 900 (La.App. 3rd Cir. 1970).
Safeco contended that Miss Worsham would not be allowed to stack her U.M. policies, even if there was coverage. This argument is without merit.
LSA-R.S. 22:1406 D(1)(c) provides in part:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
The anti-stacking provision of La. R.S. 22:1406 D(1)(c) contains a limited exception to the general prohibition against stacking and permits a party, who is injured while occupying a non-owned automobile, to recover first under the uninsured motorist coverage of the vehicle in which he was an occupant as primary coverage and then under one additional uninsured motorist "coverage available to him." *266 Courville v. State Farm Mutual Automobile Insurance Company, 393 So.2d 703 (La.1981); Nall v. State Farm Mutual Automobile Insurance Company, 406 So.2d 216 (La.1981).
Accordingly, the uninsured motorist coverage provided by Safeco is primary and the State Farm policy is excess. The trial court erred in dismissing Miss Worsham's claim against Safeco.

Loss of Consortium
James and Dovie Worsham, Jo-Etta's parents, contend that the trial court erred in failing to award any damages for the loss of consortium they suffered as a result of the injuries to Jo-Etta. We find this argument without merit.
Mr. and Mrs. Worsham claim that as a result of the accident, they have suffered a loss of consortium, service and society. This cause of action is based on LSA-C.C. art. 2315(B). Although this action is usually raised in relation to the loss of the conjugal relationship of a spouse, consortium as regards to a child may be interpreted to mean the loss of the aid, assistance and companionship of the child.
After reviewing the record, we find there is insufficient evidence of any damage to the relationship between Jo-Etta Worsham and her parents. In fact, Jo-Etta testified that the accident had brought them closer to each other. Additionally, Jo-Etta testified that while she could not help her mother with the housework after the accident, she did not help with housework prior to the accident to any degree since her mother preferred doing that work herself.
Mrs. Worsham presented evidence that she was hospitalized and treated for an ulcer following the accident. Whether or not this ulcer was caused by the accident, the treatment is not a compensable damage. Louisiana jurisprudence is settled to the effect that a person may not recover for the mental anguish which he suffered as a result of the injury to another person. Steele v. St. Paul Fire and Marine Insurance Company, 371 So.2d 843 (La.App. 3rd Cir.), writ denied, 374 So.2d 658 (La. 1979); see also Jumonville v. Frank's Petroleum, Inc., 422 So.2d 1261 (La.App. 1st Cir.1982).
For the above and foregoing reasons that portion of the trial court's judgment granting a motion for summary judgment in favor of Safeco is reversed and judgment is rendered in favor of Plaintiff, Jo-Etta Worsham, and against Safeco in the full and true sum of $15,000.00 together with legal interest from date of judicial demand until paid. As to that portion of the trial court's judgment awarding damages we amend same to increase the damage award for loss of future wages from -0- to $17,000 and the damage award for future medical expenses from -0- to $25,000. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are to be shared equally by Mrs. Walker and Safeco Insurance.
AFFIRMED IN PART; AMENDED IN PART, AND REVERSED IN PART AND RENDERED.
NOTES
[1] Both the road and the shoulder were patched, thus making the point of reentry from the shoulder to the highway fairly level.