515 So.2d 553 (1987)
Mary Margaret PERKINS and Mack H. Perkins, Sr.
v.
STATE of Louisiana DEPARTMENT OF TRANSPORTATION & DEVELOPMENT, Tangipahoa Parish Police Jury, Louisiana Power & Light Company, ABC Insurance Company, XYZ Insurance Company and DEF Insurance Company.
No. CA 86 1007.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
Writ Denied December 11, 1987.
*554 Ron S. Macaluso, Hammond, for plaintiff-appellant-second Mary Margaret Perkins, et al.
Jerry Finley, Kenney L. Riley, Asst. Gen. Counsel, Baton Rouge, for defendant, Dept. of Transp. and Development.
George F. Riess, Stefan Kazmierski, New Orleans, for defendant-appellant-first Louisiana Power and Light Co.
Duncan S. Kemp, III, Dist. Atty., Amite, for Tangipahoa Parish Police Jury.
Art Macy, Hammond, for La. Power and Light Co.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
This is a tort suit wherein plaintiffs, Mary Margaret Perkins and Mack H. Perkins, Sr., seek to recover damages sustained in a one-car accident which occurred on June 9, 1983. Made defendants were the State of Louisiana through the Department of Transportation & Development (DOTD), Tangipahoa Parish Police Jury (Parish), and Louisiana Power & Light Company (LP & L).
The trial court dismissed plaintiffs' suit against DOTD and the Parish. It rendered judgment against LP & L due to its negligent placement of a utility pole too close to the road. The trial court also found Miss Perkins was not intoxicated despite the parties' joint stipulation as to the admissibility of a pathology report showing her blood alcohol level as .28%, but reduced Miss Perkins' recovery due to her leaving the roadway.
Plaintiffs have appealed the reduction of the award and dismissal of the two defendants, and LP & L has appealed the judgment against it.

FACTS
Miss Perkins, nineteen years old at the time of the accident, had left her home on Old Independence Highway in Tangipahoa Parish between 9:00 and 9:30 p.m. to go to Hammond to buy tacos. On her return trip home, she was rounding a curve at approximately forty-five miles per hour when she saw headlights in the opposite lane. She testified that "then, the lights appeared to be coming directly toward me." She cut her wheels to the right to avoid the oncoming automobile, crossed the sloping 3½-4 foot wide shoulder, and ran into a ditch located about 3-4 feet from the road. She lost control of her vehicle and struck a utility pole located on the back side of the ditch, approximately 5-6 feet from the pavement.
Miss Perkins' injuries were essentially that of a broken thigh bone with subsequent complications. She underwent four surgeries and sustained a moderate to severe cosmetic defect due to permanent scars on her leg. The trial court rendered judgment in favor of Miss Perkins in the amount of $456,646.72, and in favor of Mack Perkins for property damage to his vehicle in the amount of $5,348.04.

LIABILITY OF DOTD AND PARISH
Plaintiffs allege that DOTD and the Parish are joint and solidary tortfeasors with LP & L, due to their alleged failure to maintain the shoulder and ditch in a safe *555 condition and in allowing the utility pole to be a hazard.
In LSA-R.S. 48:1(11), (20), (21) and (22), the legislature has defined the following terms which are applicable in the instant case:
(11) `Highway' means a public way for vehicular, mounted, and pedestrian traffic, including the entire area dedicated thereto and the bridges, culverts, structures, appurtenances, and features necessary to or associated with its purposes.
. . . .
(20) `Roadway' means that portion of a highway improved, designed or ordinarily used for vehicular traffic, exclusive of the berm or shoulder.
(21) `Shoulder' means the portion of the highway contiguous with the roadway for accommodation for stopped vehicles, for emergency use and for lateral support of base and surface.
(22) `Roadside ditch' means any ditch constructed or maintained by the highway agency having jurisdiction over the highway, contiguous to the shoulder thereof, for the purpose of draining the highway.
It is well settled that the political subdivision which owns or has custody of a public highway owes a duty to the traveling public to maintain the roadway and shoulder thereof in a reasonably safe condition for vehicular use. Myers v. State Farm Mutual Automobile Insurance Company, 493 So.2d 1170 (La.1986). The roadway and shoulder of the highway are intended for vehicular use by statutory definitions; however, the roadside ditch is not so intended. The roadside ditch is constructed and maintained "for the purpose of draining the highway." Because the roadside ditch is intended for drainage and not vehicular use, there was no duty on the part of either DOTD or the Parish to construct or maintain the utility pole located on the back of the ditch in such a way that it did not pose an unreasonable risk of danger for vehicles in the ditch. See Wilkinson v. Town of Baker, 506 So.2d 739 (La.App. 1st Cir.1987).
The physical characteristics of Old Independence Highway are not unique; many Louisiana roads have narrow shoulders and steep roadside ditches and are lined with trees, culverts, fences and other objects. The failure of DOTD to reconstruct the state's highways to meet modern standards does not establish the existence of a hazardous defect. Myers, 493 So.2d at 1173. Neither political subdivision is liable to plaintiffs for their damage.

LIABILITY OF LP & L
It must thus be determined whether LP & L is liable for its design and placement of the pole. There are an inestimable number of poles and trees which line our highways, many next to or a few inches off the roadways. Armand v. Louisiana Power & Light Company, 482 So.2d 802 (La.App. 4th Cir.1986), writ denied, 484 So.2d 669 (La.1986). In the instant case, LP & L's pole was located outside the shoulder on the back side of the ditch. Once Miss Perkins made a conscious decision to leave the roadway, she lost control of her vehicle when it encountered the ditch, about 96-98 feet north of the pole. The location and design of the LP & L pole was not the cause-in-fact of plaintiff's accident. See Hart v. Louisiana Power & Light Company, 486 So.2d 936 (La.App. 1st Cir.1986), writ denied, 488 So.2d 1024 (La.1986).
We find that the factual conclusions to the contrary by the trial judge are manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). We therefore reverse the judgment of the trial court and dismiss plaintiffs' suit at their costs.
REVERSED.
EDWARDS, J., concurs.
Although the pole, like a number of other factors, was a cause in fact, this result is correct because L.P. & L. was not negligent in the placement of the pole.