DOUCET, Judge.
This action for damages arises out of a single vehicle accident which occurred on U.S. Highway 167, in Evangeline Parish, on October 4, 1983. On that date, Isaac De-ville, in the course of his employment with the Evangeline Parish' Police Jury, was driving a 1975 Chevrolet dump truck, south on Highway 167. He had two passengers, Rayford West and James Ardoin, also employees of the Evangeline Parish Police Jury. Behind the dump truck was an 18-wheel tractor-trailer rig, also proceeding south. As a vehicle approached in the northbound lane, Mr. Deville noticed a southbound car trying to pass the 18-wheeler. Fearing a collision between the passing car and the approaching northbound car, Mr. Deville pulled the dump truck off the traveled portion of the roadway and continued driving on the improved asphalt shoulder for 600 to 800 feet. While traveling on the shoulder, the wheels on the passenger side of the dump truck left the asphalt shoulder and went onto the grassy foreslope area abutting the improved shoulder. As Mr. Deville attempted to return to the improved shoulder, the dump truck flipped over.
As a result of this action, Deville and the Evangeline Parish Police Jury each filed a separate suit against the State of Louisiana, through the Department of Transportation and Development. West intervened in the Police Jury’s suit. The Parish Government Risk Management Agency intervened in both suits for recovery of worker’s compensation benefits paid to Deville and West. The cases were consolidated and a bench trial was held on December 8, 1987. The trial court rendered judgment in favor of the plaintiffs. In his written reasons the trial judge found that the DOTD was negligent as follows:
“a. In permitting a dangerous condition to exist, such as improperly constructed shoulder, and in failing to maintain the foreslope in a safe condition.
b. That DOTD had knowledge of the defective condition of the shoulder and foreslope.
e.That the traveling public was not warned of these dangerous conditions.
d. This negligence was the proximate cause of the accident.
e. The road was defective in construction and design.
f. There was drop-off of approximately 5 to 8 inches along the western edge of the improved shoulder next to the foreslope, which at that point commenced to narrow.
g. That U.S. 167 forms part of the Louisiana State Highway System.
h. DOTD should have foreseen that harm could result to third parties due to its negligence.”
The court concluded that the DOTD was liable to the plaintiffs under the provisions of La.C.C. arts. 2315 and 2317. The DOTD appeals.
LIABILITY OF DOTD
Before we may reach any of the other assignments of error, it must first be determined whether the DOTD breached a duty owed to the plaintiffs. The DOTD’s liability under either La.C.C. art. 2315 or 2317 hinges on a breach of its duty. Myers v. State Farm Mutual Automobile Insurance Co., 493 So.2d 1170 (La.1986). It is the DOTD’s duty to maintain the state roadways and their shoulders in a reasonably safe condition. Holloway v. DOTD, 555 So.2d 1341 (La.1990); Myers, supra. It is far from clear that this duty extends to beyond the improved shoulder of the road. See: Perkins v. State, Department of Transportation & Development, 515 So.2d 553 (La.App. 1st Cir.), writ denied 515 So.2d *918 1114 (La.1987), and Holloway, supra. While the duty is the same in both strict liability and negligence cases, the basis for determining the existence of the duty is different for each.
To be successful under a strict liability theory, a plaintiff must prove that:
“(1) the thing causing the injury was in the custody of the defendant; (2) the thing causing the harm was defective, i.e., created an unreasonable risk of harm to others; and (3) the defective thing caused the plaintiff’s injury.” (Citation omitted.)
Broussard v. Yellow Freight Lines, Inc., 464 So.2d 987, 990 (La.App. 1st Cir.1985). Under a negligence theory liability will be imposed when the plaintiff shows that the DOTD is actually or constructively aware of an unreasonably dangerous condition, and fails to take corrective action within a reasonable time. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980); Worsham v. Walker, 498 So.2d 260 (La.App. 1st Cir.), writ denied 500 So.2d 423 (La.1987). Under either a strict liability or a negligence theory, the plaintiff has the burden of proving that a condition existed which presented an unreasonable danger to those using the highway. Worsham, supra.
It is not disputed that the accident made the basis of this action occurred as a result of a drop off of several inches from the edge of the improved shoulder to the grassy foreslope area abutting the shoulder. The testimony at trial did reveal a dispute as to the extent of the drop off, accounts ranging from 2 to 8 inches. It is disputed whether this condition renders the highway unreasonably dangerous for use.
■ Mr. William K. Fontenot, an engineer with the DOTD, testified on behalf of the Department with regard to Highway 167. He stated that he was project engineer on an overlay project which took place in 1980 through early 1983 on the portion of highway involved in this action. The purpose of that project was to maintain and improve the road surface. He testified that the travel lanes were 24 feet wide in all with 10 foot asphalt shoulders on either side. The asphalt shoulders were even with the travel lanes. Mr. Fontenot testified that there was no drop off from the travel lanes to the asphalt shoulder. This testimony was undisputed. He stated that the foreslope or frontslope was not addressed in the 1980 overlay and that in an overlay there is not normally any work done on the foreslope. Mr. Fontenot gave it as his opinion that the minimum design criteria for the project was met. He testified that, while he was aware that hunters sometimes park on the foreslope, it is not designed for travel but to laterally support the road. No testimony exists which would indicate that this portion of the road is meant either for travel or for emergency stopping, or that it is generally used by the traveling public. Mr. Fontenot testified that in constructing roads the Department does try to maintain a gradual transition from shoulder to foreslope. However, no testimony or evidence of any standards was introduced with regard to transition between shoulder and foreslope. We find no evidence of record to indicate an unreasonably dangerous condition. Therefore, the plaintiff has failed to carry its burden of proving that the DOTD has breached its duty to keep the highways and their shoulders in a reasonably safe condition.
For this reason the judgment of the trial court is reversed and plaintiffs’ claims are dismissed at their cost. Costs of this appeal are to be paid by the plaintiffs.
REVERSED.
KNOLL, J., dissents for reasons assigned.