561 So.2d 796 (1990)
Troy B. DUPLISSEY, Plaintiff/Appellant,
v.
The CITY OF BASTROP, Parish of Morehouse, State of Louisiana Through Department of Transportation & Development, Louisiana Power and Light Co., South Central Bell Telephone Company, Defendants/Appellees.
No. 21429-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 1990.
Jones & Johnson by Neal Johnson, Monroe, for plaintiff/appellant.
*797 Rankin, Yeldell, Herring & Katz by Richard Bailly, Bastrop, Jerry L. Finley, Sr., Asst. Gen. Counsel, Baton Rouge, Boles, Boles & Ryan by Gregory Scott Moore, Thompson, Sparks & Dean by Wood T. Sparks, Monroe, for defendants/appellees.
Before HALL, C.J., and MARVIN and SEXTON, JJ.
HALL, Chief Judge.
Plaintiff, Troy B. Duplissey, filed suit for damages resulting from a single car accident in which he drove his automobile into a telephone pole. South Central Bell (Bell) was made defendant in the suit along with several other defendants. Bell filed a motion for summary judgment asserting that as to it no genuine issue of material fact existed and that it was entitled to judgment dismissing plaintiff's claim as a matter of law. Pursuant to comprehensive, well-expressed written reasons for judgment, the trial judge granted the motion and dismissed plaintiff's suit against Bell. Plaintiff appealed. For reasons expressed in this opinion, we find summary judgment inappropriate and reverse and remand.
Plaintiff was severely injured when he was unable to negotiate a severe curve on Cleveland Street in Bastrop, Louisiana. He drove his car from the paved surface into a ditch and collided with a telephone pole. The trial judge noted that Mr. Duplissey's blood alcohol content following the accident was .07 and that the investigating officer found he was driving fifty miles an hour in a 35 m.p.h. speed limit zone, a fact which plaintiff disputes. The car travelled 57 feet after leaving the paved surface before coming in contact with the telephone pole. The telephone pole was located about 10 to 14 feet from the paved surface.
In support of its motion for summary judgment, Bell contended that it is not liable because the placement of the pole was not the cause-in-fact of the accident, relying on Perkins v. State Department of Transportation & Development, 515 So.2d 553 (La.App. 1st Cir.1987) writ denied, 515 So.2d 1114 (1987); Hart v. Louisiana Power & Light Company, 486 So.2d 936 (La. App. 1st Cir.1986) writ denied, 488 So.2d 1024 (La.1986); and Armand v. Louisiana Power & Light Company, 482 So.2d 802 (La.App. 4th Cir.1986) writ denied, 484 So.2d 669 (La.1986). The trial judge agreed that "plaintiff's own reckless operation of the vehicle was the cause-in-fact of the injuries suffered by him."
In his petition, the plaintiff asserted several theories of liability against Bell. He asserted that Bell was negligent for placing its pole in a dangerous location, that Bell was negligent in failing to remove the pole to a new location after knowledge of previous accidents, and that Bell was negligent in placing buffer poles in front of the telephone pole, thereby increasing the risk of harm.
Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966.
In Perkins, supra, plaintiff drove her car from the pavement and hit a utility pole located on the backside of a ditch. The pole was located approximately five to six feet from the pavement. The court there found that the location and design of the pole was not a cause-in-fact of the accident.
In Hart, supra, the court dismissed plaintiff's suit against LP & L. The plaintiff struck a utility pole located in a parking lot about three feet from the highway. There the court reasoned that the pole did not create an unreasonable risk of harm because it was not located in the traveled portion of the street, and held that the location and design of the pole was not a cause-in-fact of plaintiff's injuries.
Defendant's foundation case, Armand, supra, involved an accident in which the plaintiff left the roadway and struck a utility pole located 29 to 30 inches from the roadway. The court found that the pole's design and location was not a cause-in-fact of the accident and dismissed LP & L from the suit. A utility company, the court held, has no obligation to guard against rare *798 exigencies such as an out of control vehicle leaving a traveled roadway.
The cause-in-fact reasoning of the previously cited cases causes us some pause, since it can be said that but for the placement of the utility poles the accidents would not have happened. See Judge Edwards' concurrences in Perkins and Hart and Judge Ward's dissent in Armand. Simply, in all of the cited cases the plaintiff would not have hit a utility pole if it had not been there to hit. In the instant case, but for Bell's failure to move the pole the accident would not have happened. We cannot agree with the trial court that Bell's conduct which plaintiff complains of was not a cause-in-fact of the accident. Yet, we recognize that as a matter of law there is no general duty on the part of utility companies to refrain from locating their utility poles in their rights-of-way away from the traveled portion of the road. Furthermore, it seems that ordinarily the risk of locating a utility pole in the backside of a ditch some 10 to 14 feet from the pavement, as in this case, is slight and not unreasonable, given the need, utility and common practice of locating power poles and lines within road rights-of-way near the traveled portion of streets and roads.
However, we note that a duty to relocate a utility pole may arise when experience has shown that the location of the pole presents an unreasonable risk to the motoring public. If the nature of the street is such that motorists, albeit inattentive or careless, frequently leave the street and hit the pole, the utility company may have a duty to correct the hazard its pole creates if there exists reasonable alternative locations which would minimize the risk of harm. In Lang v. Prince, 447 So.2d 1112 (La.App. 1st Cir.1984) writ denied, 450 So.2d 1309-1311 (La.1984), South Central Bell was held negligent for failing to remedy a hazard created by one of its utility poles. The pole was placed in the improved shoulder of the road. If a driver left the roadway even partially, he would contact the pole. South Central Bell knew of the danger yet failed to correct it. In none of the defendant's previously cited cases did the plaintiff allege that the utility company had a duty to move a pole due to the company's knowledge of the risk gained from prior accidents.
Recently, in Vigreaux v. Louisiana Department of Transportation and Development, 535 So.2d 518 (La.App. 4th Cir. 1988), writ denied, 540 So.2d 329 (La.1989), a panel of five judges of the Fourth Circuit had occasion to revisit the reasoning of the Armand case. The court, with two judges concurring and two judges dissenting, stated:
"We do not find that our decision in Armand stands for the principle that a utility company, as a matter of law, will never be held liable to a plaintiff for injuries incurred where the placement of a pole is not in the roadway itself or in an area designated for vehicles to voluntarily drive onto when leaving a primary roadway.... We conclude it is possible that liability may be imposed where the placement of a pole close to the edge of a roadway constitutes a foreseeable and unreasonable risk of harm to users of the roadway."
The plaintiff was injured when his car left Tchoupitoulas Street in New Orleans and struck a utility pole placed on the side of the road. The pole was located at a sharp curve and plaintiff alleged that a phantom driver forced him from the roadway and into the pole. The court noted that the plaintiff had alleged that there were similar incidents involving the curve on Tchoupitoulas Street, that NOPSI had knowledge of the danger the curve presented to motorists, and that the utility company could have removed its pole to a less dangerous location. Without suggesting that plaintiff should prevail on the merits of the case, the court ruled that factual issues were in dispute which precluded a disposition of the case by summary judgment.
Because there is a factual dispute concerning the number, frequency, and nature of prior accidents involving this pole, and Bell's knowledge of such accidents, the trial judge erred in granting the defendant's motion for summary judgment. While Bell *799 may have initially had the right to place its utility pole in the right-of-way with the placement being perfectly reasonable, subsequent accidents involving the pole may have placed Bell on notice that the location of its pole combined with the curve in the street presented an unreasonable risk of harm to motorists. There is a point, which we do not specify, where the utility company may not blindly rely on its right-of-way and fail to act to correct known unreasonable hazards that are presented by its property.
For these reasons, the summary judgment of the trial court is reversed and the case is remanded for further proceedings. Costs of the appeal are assessed to the appellee South Central Bell.
REVERSED AND REMANDED.