DOUCET, Judge.
This is an appeal from a judgment dismissing the plaintiff’s personal injury action against the Cameron Parish Police Jury and its insurer for injuries sustained in a one vehicle motorcycle accident.
Bridget Desoto, plaintiff herein, and her then husband, Kevin Desoto, spent the weekend of September 6th and 7th, 1986, with Lowell and Terri Daigle at the Daigle family camp in the Klondike area of Cameron Parish.
After lunch the party went motorcycle riding along Highway 717. None of the group wore a helmet. They turned off Hwy. 717 onto Cameron Parish Road 113. The testimony of Lowell Daigle indicates that 113 was marked with a sign which read “TRAVEL AT YOUR OWN RISK.” There was neither supporting nor contradictory testimony on this point from the Parish employees charged with maintenance of the road. The trial judge, in his reasons for judgment, accurately summarized the remaining facts as follows:
“Parish Road 113 is classified as a rural, local road which is the lowest classified roadway. It is not a through route and has low traffic volume. At the time of the accident, it serviced one family dwelling, some seasonal hunting camps and the agricultural needs of the area. The road width is not standard and varies between sixteen and twenty feet and is covered with an aggregate of either clam shell or limestone. The general direction of the road is north and south, but like many rural roads, it meanders with no particular plan.
On the day in question, plaintiff, her husband, and the others had traveled down Parish Road 113, had turned around, and were returning upon the same road. Plaintiff approached a ninety degree left turning curve. Her speed was moderate, somewhere below 25 miles per hour.
For some time before her approach to the curve, the wheels of plaintiff’s motorcycle had not been riding on the aggregate-covered or travel portion of the roadway. Instead, plaintiff had guided her wheels onto the strip of land between the ditch and the road. The strip was covered with grass which had been recently mown. The explanation given for plaintiff’s maneuver was that the grassy surface was smoother than the roadway and did not propel loose aggregate into the path of plaintiff’s husband who was *549 following on another motorcycle close behind.
As plaintiff rounded the curve on the outside edge of the road, the grassy strip was interrupted once or twice by intersections with two small service roads with dirt surfaces. When the intersections had been passed, plaintiff maneuvered her motorcycle back onto the grassy strip which had resumed after the intersections.
Approximately 50 feet past the curve there was a cattle guard on Parish Road 113 which was no longer in use. The grid of the cattle guard which traversed the road had been filled in and covered with shell. The ends of the cattle guard which extend beyond the edge of the roadway were not readily visible because of tall grass which surrounded the two ends.[1] When plaintiff perceived the fact that she was heading toward some obstacle in her path she testified that it was too late to turn her vehicle back onto the road. She explained that by then, the motorcycle was descending the right-hand down slope of the road ditch, and that a turn to the left was a maneuver not possible with a motorcycle. The motorcycle then struck either some debris in the ditch or an end of the cattle guard with great force resulting in severe bodily injuries to the plaintiff[2]”
As a result of the accident, Ms. Desoto filed suit against the Cameron Parish Police Jury and its insurer alleging that the Police Jury was liable for her injuries under both negligence and strict liability theories. A trial was held beginning October 12, 1988. The trial judge found that Ms. Desoto failed to prove that the Cameron Parish Police Jury breached any duty owed to her which led to her accident and injury. Judgment was rendered in favor of the defendant dismissing the plaintiffs claims at her cost. The plaintiff appealed alleging eight assignments of error:
“1. The trial court’s ruling is manifestly erroneous and contrary to the law and evidence, inasmuch as plaintiff met her burden of proof under a theory of strict liability, proving a defective condition of Cameron Parish Road 113 under the care, custody, control and maintenance of defendant, having constructive notice thereof, said defective condition causing plaintiffs injury, thus making it strictly liable under Louisiana Civil Code Article 2317.
2.- The Trial Court erred in finding that the roadway had no shoulder, was not required to have a shoulder and that the level portion adjacent to the roadway was a “berm” for which the Parish owed no duty to protect the plaintiff from the particular risk which she encountered.
3. The trial court erred in failing to find the cattle guard an injury-causing defect, as opposed to an accident-causing defect, which said defective cattle guard caused plaintiffs injury.
4. The trial court’s ruling is manifestly erroneous and contrary to the law and evidence, inasmuch as plaintiff met her burden of proof under a theory of negligence, proving unreasonable and substandard conduct on the part of defendant, resulting in a breach of duty by said defendant to plaintiff, said breach resulting in plaintiff’s injury.
5. The Trial Court erred in finding that the defendant provided sufficient warning, under the circumstances, of the conditions of Cameron Parish Road 113 (including a sharp ninety (90) degree curve, sudden narrowing of the roadway, a drop-off on the edge of the roadway, improper delineation of the roadway and the approaching cattle guard) to an unwary motorist unfamiliar with those conditions, that said defendant fulfilled its duty to warn plaintiff of said conditions and that there was no breach of duty in that respect by defendant.
*550 6. The Trial Court erred in failing to find the roadway was improperly maintained in that the grass on or adjacent to the roadway created a deception of level surface which was in fact a sudden drop-off, presenting a trap-like situation for an unwary motorist.
7. The Trial Court erred in finding that plaintiff engaged in a course of action inconsistent with the roadway’s purpose in that she intentionally deviated from a perceived safe portion of that roadway to a portion thereof presenting risk for which the Parish owed no duty to protect the plaintiff, and that this accident was caused solely by the fault of plaintiff.
8. The Trial Court erred in failing to award damages unto plaintiff.”
Assignments of error number 1 through 7 deal with the assessment of liability and will be dealt with together.
LIABILITY
The liability of the Cameron Parish Police Jury under either a negligence or strict liability theory hinges on a breach of its duty. Myers v. State Farm Mutual Automobile Insurance Co., 493 So.2d 1170 (La.1986).
It is the duty of the Cameron Parish Police Jury to keep the Parish roads and their shoulders in a reasonably safe condition for non-negligent motorists. Ishee v. State through D.O.T.D., 413 So.2d 1362 (La.App. 1st Cir.1982); Guillotte v. D.O.T.D., 503 So.2d 618 (La.App. 4th Cir.1987). This duty has not been extended into a positive duty to provide a shoulder. Kyle v. City of Bogalusa, 506 So.2d 719 (La.App. 1st Cir.1987). Nor has the duty been extended into roadside ditches. Perkins v. D.O.T.D., 515 So.2d 553 (La.App. 1st Cir.), writ denied, 515 So.2d 1114 (La.1987).
This duty has been held by the courts of this state to extend to those who intentionally drive onto the shoulder in an emergency situation, and to those who inadvertently stray onto the shoulder. However, we can find no authority for extending it to those who deliberately choose to drive on the shoulder when the roadway is safely available for use. However, even if a duty exists with regard to such persons, we find that no duty was owed to Ms. Desoto, under the peculiar circumstances of this case.
While the duty is the same in both strict liability and negligence cases, the basis for determining the existence of the duty is different for each.
To be successful under a strict liability theory, a plaintiff must prove that:
“(1) the thing causing the injury was in the custody of the defendant; (2) the thing causing the harm was defective, i.e., created an unreasonable risk of harm to others; and (3) the defective thing caused the plaintiffs injury.” (Citation omitted.)
Broussard v. Yellow Freight Lines, Inc., 464 So.2d 987, 990 (La.App. 1st Cir.1985). Under a negligence theory, liability will be imposed when the plaintiff shows that the DOTD is actually or constructively aware of an unreasonably dangerous condition, and fails to take corrective action within a reasonable time. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980); Worsham v. Walker, 498 So.2d 260 (La.App. 1st Cir.1986), writ denied, 500 So.2d 423 (La.1987). Under either a strict liability or a negligence theory, the plaintiff has the burden of proving that a condition existed which presented an unreasonable danger to those using the highway. Worsham, supra.
“A roadway does not present an unreasonable risk of harm if it is constructed and maintained in a condition reasonably safe for persons exercising ordinary care and reasonable prudence. United States Fidelity and Guaranty Company v. State, Department of Highways, 339 So.2d 780 (La.1976). Proof that a thing presents an unreasonable risk of harm is not achieved by the mere showing that an accident or injury occurred. Broussard v. Pennsylvania Millers Mutual Ins. Co., 406 So.2d 574 (La.1981).”
Mansour v. State Farm Mut. Auto. Ins. Co., 510 So.2d 1305 (La.App. 3rd Cir.1987).
In this case, as in the Mansour case, our analysis begins and ends by determining *551 whether Bridget Desoto was exercising ordinary care and reasonable prudence.
Ms. Desoto deliberately chose to leave the roadway and drive on the unimproved foreslope of the roadside ditch. There was no emergency which necessitated her decision. She did not stray from the roadway inadvertently. Ms. Desoto was not wearing a helmet. Additionally, there is credible testimony from a disinterested witness which indicates that she smoked marijuana and consumed alcoholic beverages shortly before going out to ride her motorcycle. This, we feel, is not the conduct of a person exercising ordinary care and reasonable prudence. The other riders, who were using the roadway as intended, encountered no problems. As a result, we cannot find that Parish Road 113 presented an unreasonable risk of harm to persons exercising ordinary care and reasonable prudence. Therefore, no unreasonably dangerous condition existed. Since no unreasonably dangerous condition existed, the trial judge correctly found that the defendants were not liable to Ms. Desoto under either a theory of strict liability or negligence. Accordingly, the judgment of the trial court is affirmed. Costs of appeal are to be paid by the plaintiff.
AFFIRMED.

1. One side of the cattleguard had fallen down and lay in the ditch.

2. It appears from the transcript that the plaintiffs motorcycle hit a rock, boulder, or chunk of cement in the ditch causing plaintiff to fly off her motorcycle and hit the fallen side of the cattleguard, lodging her head between the pipes.