WATKINS, Judge.
We granted writs to determine whether the trial court erred in a denial of summary judgment to South Central Bell, one of several defendants in this personal injury action. Because we determine that South Central Bell had no duty to this plaintiff, we conclude that the trial court erred as a matter of law.
The following facts are shown by the depositions and affidavit introduced in support of the motion for summary judgment.
On the morning of April 20, 1988, Eugene Bazile and his six-year-old son, Eugene Bazile, II (E.J.), went to a convenience store on Old Hammond Highway in Baton Rouge, Louisiana. Mr. Bazile decided to place a telephone call at a public pay telephone located outside the building. While Mr. Bazile was talking, a car jumped the curb bumper, traversed the sidewalk between the bumper and the building, and hit E.J. and the wall of the building.
The lawsuit for damages was brought by the boy’s mother on behalf of the minor.[1] Named as one of the defendants was South Central Bell, owner of the pay phone.
The depositions further reveal that Curtis Tarver was the driver of the car that hit E.J. The automobile belonged to Mr. Tar-ver’s mother. He and two other Southern University students were on their way to school when they decided to stop at the convenience store for soft drinks and potato chips. After turning into the store’s parking lot, Mr. Tarver attempted to stop the car; however, the brake pedal went to the floor, and the vehicle did not stop. Although Mr. Tarver threw the shift into park, the car hit and jumped the curb bumper and continued into the wall of the store.
We agree with the defendant South Central Bell that it is entitled to judgment dismissing it from this lawsuit as a matter of law. There is no dispute as to the facts stated above. Under Louisiana law there is no duty on , the part of this defendant to protect the injured victim from the type of accident which occurred. Appellant cites two out-of-state cases for the proposition that a phone company does not have a duty to locate its pay phones out of the path of runaway vehicles. However, we need not look to out-of-state jurisprudence. The case of Hart v. Louisiana Power & Light Co., 486 So.2d 936 (La.App. 1st Cir.), writ denied, 488 So.2d 1024 (La.1986), is disposi-tive. In that case a utility pole was located in a parking lot; it was not located in the traveled portion of the street or on the shoulder of the street. This court held that the sole cause of the accident was the negligence of the driver of the vehicle which hit the car. The finding of the trial court to the contrary was clearly wrong as a matter of fact and law. In Hart, we cited and quoted another case involving premises liability, Farr v. Montgomery *362 Ward & Co., Inc., 430 So.2d 1141 (La.App. 1st Cir.), writ denied, 435 So.2d 429 (La. 1983). In Farr, we observed:
In both negligent [sic] and strict liability cases, the reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing. Under either theory of liability, the court must decide if the risk which causes the injury is within the ambit of protection of the duty. (Citations omitted.)
430 So.2d at 1143.
Accordingly, we vacate the judgment rendered by the trial court and render judgment in favor of appellant South Central Bell dismissing it from this lawsuit. Appel-lee-plaintiff is cast for costs of this appeal.
WRIT GRANTED.

. E.J.’s parents are divorced. Janet Bazile had legal custody of her son, but the boy was visiting his father at the time of the accident.