597 So.2d 1252 (1992)
Chris V. HANCHEY, Plaintiff-Appellant,
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Defendant-Appellee.
No. 90-1120.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*1253 Bradley, Wallace, O'Neal, David L. Wallace, Leslie R. Leavoy, Jr., DeRidder, for plaintiff-appellant.
Bertrand & Soileau, Carol S. Hunter, Rayne, for defendant-appellee.
Before DOUCET and KNOLL, JJ., and COREIL[*], J. Pro Tem.
DOUCET, Judge.
This is an appeal from a trial court judgment in favor of the defendant, State of Louisiana, Department of Transportation and Development (DOTD), and against the plaintiff, Chris v. Hanchey, dismissing his demands at his cost.
The facts are not in dispute. At the time of the accident made the basis of this suit, Hanchey operated a service station in DeRidder, Louisiana. On April 26, 1985, Hanchey drove his daughter's car to the station in order to fix its windshield wipers. There his employee, Clifford "Earl" Beasley (Beasley), replaced the fuse for the windshield wipers and checked the turn signals. Both the wipers and the signals worked at that point.
Hanchey went to return the car to his daughter, driving it eastbound on Highway 171, a divided four-lane highway. Beasley followed in order to pick Hanchey up and return him to work. Hanchey noticed that the emergency flashers were blinking. He pulled over to check them. Beasley joined him. Beasley checked the blinkers and turned them off. When Hanchey pulled back out into the street, the vehicle suddenly speeded up then went "wide open." Hanchey, believing the accelerator to be stuck, tried to stomp it loose. He intentionally crossed into the left lane and exited the roadway onto the left or north shoulder and locked up his brakes. The vehicle went off the left side of the road, across the shoulder, and into a drainage ditch which runs perpendicular to Highway 171, and into the concrete retaining wall of the ditch.
As a result of the accident, Hanchey filed two suits, one of which has been previously heard by this court. See Hanchey v. State Farm Mutual Automobile Insurance Co., Inc., 570 So.2d 2 (La.App. 3rd Cir.1990).
The suit currently before this court concerns Hanchey's claim for damages against the DOTD. By this suit Hanchey alleges both strict liability and negligence on the part of the DOTD. A trial on the merits was held May 15 and 16, 1990. Judgment was rendered in favor of the DOTD and against Hanchey, dismissing his demands at his cost. Hanchey appeals.
As this court stated in Deville v. La. Dept. of Transp. & Dev., 559 So.2d 916, 917 (La.App. 3rd Cir.), writ denied 563 So.2d 883 (La.1990):

*1254 Before we may reach any of the other assignments of error, it must first be determined whether the DOTD breached a duty owed to the plaintiffs. The DOTD's liability under either La.C.C. art. 2315 or 2317 hinges on a breach of its duty. Myers v. State Farm Mutual Automobile Insurance Co., 493 So.2d 1170 (La.1986). It is the DOTD's duty to maintain the state roadways and their shoulders in a reasonably safe condition. Holloway v. DOTD, 555 So.2d 1341 (La. 1990); Myers, supra. It is far from clear that this duty extends to beyond the improved shoulder of the road. See: Perkins v. State, Department of Transportation & Development, 515 So.2d 553 (La.App. 1st Cir.), writ denied 515 So.2d 1114 (La.1987), and Holloway, supra. While the duty is the same in both strict liability and negligence cases, the basis for determining the existence of the duty is different for each.
To be successful under a strict liability theory, a plaintiff must prove that:
"(1) the thing causing the injury was in the custody of the defendant; (2) the thing causing the harm was defective, i.e., created an unreasonable risk of harm to others; and (3) the defective thing caused the plaintiff's injury." (Citation omitted.)

Broussard v. Yellow Freight Lines, Inc., 464 So.2d 987, 990 (La.App. 1st Cir.1985). Under a negligence theory liability will be imposed when the plaintiff shows that the DOTD is actually or constructively aware of an unreasonably dangerous condition, and fails to take corrective action within a reasonable time. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980); Worsham v. Walker, 498 So.2d 260 (La. App. 1st Cir.), writ denied 500 So.2d 423 (La.1987). Under either a strict liability or a negligence theory, the plaintiff has the burden of proving that a condition existed which presented an unreasonable danger to those using the highway. Worsham, supra.
It is far from clear that the duty of the DOTD to highway users extends beyond the shoulder of the road. It has not even been extended into a positive duty to provide a shoulder. Kyle v. City of Bogalusa, 506 So.2d 719 (La.App. 1st Cir.1987). Neither has the duty been extended to ditches running parallel to the road. Perkins v. State Dept. of Transp. & Dev., 515 So.2d 553 (La.App. 1st Cir.1987).
The ditch into which Hanchey crashed was not intended for vehicular use. We find nothing which would indicate that the existence or condition of the ditch created an unreasonably dangerous condition for those using the portions of the highway which are intended for vehicular use. It is true that no guardrail separated the edge of the shoulder from the ditch. However, as the court stated in Perkins, supra, at p. 555:
... [M]any
Louisiana roads have narrow shoulders and steep roadside ditches and are lined with trees, culverts, fences and other objects. The failure of DOTD to reconstruct the state's highways to meet modern standards does not establish the existence of a hazardous defect. Myers, 493 So.2d at 1173.
Accordingly, we cannot say that the DOTD breached any duty owed to Hanchey.
Hanchey further asserts that the trial court erred in failing to exclude the testimony of two experts for the DOTD and in excluding evidence of subsequent "remedial measures" taken at the accident site. After reviewing the record, and in the absence of a breach of a duty by the DOTD, we conclude that the outcome would have been no different had the evidence concerned been treated as the plaintiff suggests.
"When the review of a record clearly indicates that the judgment of the lower court is correct and that justice has been done, that judgment will not be overturned because of an error which did not affect the merits. Creevy v. Cummings, 3 La.Ann. 163 (1848); Johnson v. Petit, 236 So.2d 304 (La.App. 4th Cir.1970); Shows v. Williamson, 256 So.2d 688 (La. App. 2d Cir.1972), writ refused 261 La. 231, 259 So.2d 76 (La.1972); Naquin v. *1255 Maryland Casualty Company, 311 So.2d 48 (La.App. 3d Cir.1975), writ refused 313 So.2d 598 (La.1975); Coignet v. Deubert, 413 So.2d 253 (La.App. 4th Cir.1982)."
Johnson v. Morris, 431 So.2d 429, 432 (La. App. 4th Cir.) writ denied, 437 So.2d 1151 (La.1983). See also Jackson v. Ed's Cab Company, 333 So.2d 701 (La.App. 4th Cir. 1976), writ refused, 337 So.2d 877 (La. 1976).
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[*] Honorable Joseph E. Coreil, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.