PRICE, Judge.
Mrs. Ida White Gary died in Ouachita Parish leaving a statutory will naming Mrs. Lillie McClain Harrington testamentary executrix and sole legatee.
Subsequent to the registry and probate of the purported testament this action was filed by five alleged legal heirs of the decedent seeking to annul the testament. Allegations were made that the testator could not read or write on the date of the confection of the instrument making it invalid under provisions of Louisiana Revised Statutes 9:2443. Mrs. Harrington, defendant in this action, filed a general denial and moved for summary judgment alleging the lack of any genuine issue of fact as shown by “affidavits to be filed.” On the date the motion for summary judgment was set for hearing defendants filed several affidavits purporting to establish that defendant could read and write at the time of the execution of the will. No counter affidavits were filed by plaintiffs.
In sustaining the motion for summary judgment the trial judge gave the following reasons therefor:
* * “The petitioners declined to file opposing affidavits and elected to rely upon the allegations of their petition.
“This is not sufficient. Article 967 of the Code of Civil Procedure provides in part:
‘When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.’
“The court, therefore must grant the Motion For Summary judgment.”
On this appeal from the judgment dismissing their action, plaintiffs contend the trial court erred in sustaining defendant’s motion for summary judgment for the following reasons:
1. As there were no affidavits filed with the motion or served on plaintiffs more than 10 days prior to the date of the hearing on the motion, the court should have considered the matter solely on the pleadings without reference to the affidavits; ,
2. In any event summary judgment should not have been granted merely because plaintiffs failed to file opposing affidavits when the proponent’s affidavits allegedly do not specifically show there is no question of fact at issue.
In brief to this court plaintiffs’ counsel bases his argument on an interpretation of LSA-C.C.P. Art. 966 which is not in accord with our understanding of its requirements. He argues that it is the intent of this article that any supporting affidavits sought to be relied on by proponent must be filed at least ten days prior to the hearing date set so the opposing party shall have an opportunity to respond with counter affidavits prior to the hearing date. The portion of the article relied on reads:
“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing.”
It should first be noted the article makes no specific reference to any time limitation on the filing of a proponent’s affidavits. The article does provide any counter affidavits by the adverse party be filed prior to the hearing date.
In the instant case plaintiffs were made aware of defendant’s intent to file affidavits as the motion for summary judgment alleged “ * * * that as will appear from the pleadings and exhibits attached thereto and the affidavits to be filed by de *526 fendant, * * * there is no genuine issue as to material fact in this case * * * (emphasis supplied)
The record does not reflect plaintiffs were prejudiced by the filing of proponent’s affidavits at the time of hearing. There is no showing that plaintiffs requested a continuance to permit them to secure and file counter affidavits and were refused by the trial judge. LSA-C.C.P. Art. 967 supplies this protection to the opponent.
The jurisprudence clearly requires an opponent to file affidavits to show a genuine issue of fact does exist and not to rely upon the allegations or denials of his pleadings. Miller v. East Ascension Telephone Company, 263 So.2d 360 (La.App., 1st Cir. 1972, writ refused) and cases cited therein.
Plaintiffs were apparently content to rely solely on the premise that the defendant’s affidavits were legally insufficient, alleging that those affidavits failed to negate the existence of a genuine issue of fact. As a basis for this contention plaintiffs argue that the defendant’s af-fiants lacked personal knowledge of facts upon which they could base their assertion that the decedent could read and write. We find the unrebutted affidavits sufficient to support the motion.
In addition to the affidavits of the defendant, and the attorneys who assisted decedent in the preparation of her will, an affidavit of a neighbor declared positively the decedent could read and write during the period when the will was confected. The neighbor’s affidavit is positive as to the decedent’s ability to read and write during the crucial period when the decedent confected her will. It is immaterial' that the affiant did not have knowledge of the decedent’s ability to read and write in her later years, and at the time of her death.
The trial court correctly sustained the motion for summary judgment on the basis of the affidavits filed by defendant. See Roach v. Liberty Mutual Insurance Company, 279 So.2d 775 (La.App. 1st Cir. 1973, writ refused).
For the foregoing reasons the judgment appealed from is affirmed at appellants’ cost.
HALL, Judge (dissenting from the refusal to grant a rehearing).
Plaintiffs sued to annul a statutory will, alleging the testatrix could not read or write. Defendant filed a motion for summary judgment alleging the testatrix could read ¿Is will appear from affidavits “to be filed” and that there is no genuine issue as to material fact. The motion was heard some three weeks later. At the hearing defendant filed four affidavits in support of her motion. No counter-affidavits were filed by plaintiff. The motion was taken under advisement and judgment was rendered the following day granting the motion.
Plaintiff filed a motion for new trial— one of the grounds being that counter-affidavits were not required since no affidavits were attached to defendant’s motion for summary judgment at the time it was filed. The motion for new trial was denied.
The district court’s written reasons for judgment state that plaintiffs declined to file opposing affidavits and elected to rely upon the allegations of their petition. On appeal, plaintiffs contend they were not afforded the opportunity to file counter-affidavits as defendant’s affidavits were not served on them prior to or at the hearing. The record does not reflect whether or not plaintiffs objected at the hearing to the filing of defendant’s supporting affidavits.
It is my opinion that LSA-C.C.P. Arts. 966 and 967 contemplate that affidavits in support of a motion for summary judgment be served on the respondent with the motion, or ten days in advance of the *527 hearing, or at least within a reasonable time prior to the hearing. Art. 966 requires the opponent to serve opposing affidavits prior to the day of the hearing. It is illogical to make such a requirement of the opponent, if the moving party is allowed to file supporting affidavits on the day of the hearing, without prior service. The second paragraph of Art. 967 requires the filing of counter-affidavits only when the motion for summary judgment “is made and supported” by affidavits or other documents. Here the motion was not supported by affidavits or other documents filed prior to the hearing.
It is my opinion that the judgment granting the motion for summary judgment should be reversed and the case remanded to give the defendant a reasonable opportunity to file counter-affidavits to those filed on the day of the hearing in support of the motion.