355 So.2d 618 (1978)
Frank REED
v.
Harold RAMSAY, d/b/a Ramsay Television Sales & Service, Leon Touzet and Maryland Casualty Company.
No. 8825.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1978.
Rehearing Denied March 14, 1978.
Robert J. Neal, New Orleans, for defendants-appellants.
Tapper & Schuler, Elmer R. Tapper, Chalmette, for plaintiff-appellee.
Before REDMANN, BOUTALL and BEER, JJ.
BEER, Judge.
Plaintiff-appellee Frank Reed slipped and fell on an algae-like substance which had accumulated on the sidewalk in front of Ramsay's Television Sales & Service. Drippings from an air conditioner Ramsay had installed above the entrance to his shop was found to be the source. Reed injured his back, requiring treatment by his physician from July 15, 1975 until November 5, 1975. He was unable to work from June 14, 1975 until September 5, 1975, and his lost wages amounted to $2,330 plus $120 overtime. He suffered considerable pain and stiffness and, at time of trial was still somewhat restricted.
Reed filed suit against Harold Ramsay, d/b/a Ramsay Television Sales & Service, who was cited and served but did not answer, and against Leon Touzet, Ramsay's lessor and owner of the premises, and his insurer, Maryland Casualty Company.
From a trial court judgment against all defendants in solido in the amount of $5,219, plus legal interest ($2,200 for lost wages, $519 for medical bills and $2,500 for pain and suffering). Touzet and Maryland *619 appeal, contending that the trial court erred:
(a) In finding from the evidence presented that Mr. Touzet visited the premises in question a sufficient number of times to have seen the air conditioning unit in its location above the doorway.
(b) In finding that Civil Code Article 2695 would be applicable to hold a landlord liable for an injury to a third party.
(c) In not finding from the evidence that Mr. Reed, plaintiff, could or should have seen the "green slime" or algae on the sidewalk in front of the television shop, and not finding Mr. Reed contributorily negligent.
Appellee has answered the appeal, seeking an increase in quantum.
We first consider appellant's contention concerning the applicability of La.Civ.Code art. 2695.
The strict liability of the lessor as provided by Article 2695 for damages resulting from hazardous conditions on the premises is restricted to the lessor-lessee relationship, and does not apply to third parties. Their rights are protected by La. Civ.Code art. 670 and La.Civ.Code arts. 2315 and 2316. See, e. g., Weiland v. King, 281 So.2d 688 (La.1973); Davis v. Royal-Globe Ins. Companies, 257 La. 523, 242 So.2d 839 (1971); Jarvis v. Prout, 247 So.2d 244 (La. App. 4th Cir. 1971); and Hebert v. Valenti, 235 So.2d 193 (La.App. 4th Cir. 1970).
Article 2695 is clearly inapplicable and since the drip of condensation from an air conditioner is not the fault of a substantial component of a building, Article 670 is also inapplicable. Thus, the correct test of the landlord's liability is that of the "fault" articles, 2315 and 2316.
The record does not support the finding that Touzet knew or should have known of the presence of any substance on the sidewalk. The air conditioner was installed by Ramsay in May, 1975, without Touzet's knowledge or permission. Touzet testified that he was not aware of its presence before the accident. The rent was collected by Touzet on the first of the month; therefore, it is likely that the only opportunity which Touzet might have had to observe the unit was on June 1. Reed and two of his companions who witnessed the accident testified that they had walked in front of Ramsay's on several prior occasions, and had not observed the slippery substance. We conclude that it is equally plausible that, as he testified, Touzet, also, had not seen the slippery substance. Indeed, the record indicates that plaintiff's activities preceding the incident which resulted in his injury would have given him considerably greater opportunity to discover (and, thus, take action to avoid) the peril which he claims should have been noted by Touzet. On this record, one would be very hard put not to conclude that any substance which should have been seen by Touzet in the course of his single visit to the premises would not also have been as reasonably apparent to Reed, whose contributory negligence has been alleged.
In any event, we are convinced that the record will not support a finding of negligence on the part of Touzet, and, in that respect, the judgment against him and his insurer must be reversed.
Turning to appellee's contention that the award should be increased, we observe that the total amount awarded was well within the trial court's wide range of discretion.
Accordingly, the judgment against Leon Touzet and Maryland Casualty Company is reversed, and Frank Reed's suit against them is dismissed, at his costs. All parties shall bear their own costs of this appeal.
REVERSED AND RENDERED.