488 So.2d 978 (1986)
TRAVELERS INSURANCE COMPANY
v.
SOUTHWESTERN TRANSPORTATION COMPANY.
No. 85-C-2195.
Supreme Court of Louisiana.
May 20, 1986.
Rehearing Denied June 30, 1986.
*979 David L. White, Rogers and White, Bossier City, for intervenor-applicant.
Roy S. Payne, Blanchard, Walker, O'Quin & Roberts, Jerald N. Jones, Wilkinson, Carmody & Gilliam, Shreveport, for respondents.
LEMMON, Justice.
The issue in this pre-comparative fault personal injury case is whether defendant's fault in providing a delivery truck with a rotten area in the wooden floor should be totally excused because plaintiff, after being warned of the hazard, stepped on the rotten area during the course of assisting defendant's driver in unloading large boxes. We conclude that the owner of a delivery truck with a known rotten floor should not escape responsibility altogether for injury to a person who is foreseeably called upon to assist the owner's driver in unloading the truck. The enormous disparity between the duty of the owner of a delivery truck to provide a safe floor for workers unloading the truck and the duty of a worker unloading the truck to exercise care for his own protection against this extremely dangerous hazard warrants the conclusion that the all-or-nothing contributory negligence doctrine is not applicable under these circumstances.
On June 25, 1974, defendant's driver delivered a load of boxes of unassembled shelving to a Woolco Department Store where plaintiff Russell Field was employed as a carpenter.[1] The shelving was to be used in the renovation of the building which was then in progress.
When defendant's driver backed the delivery truck to the loading pier, Woolco's carpenter superintendent ordered several carpenters, including plaintiff, to assist the driver in unloading the boxes, some of which were eleven feet long. Defendant's driver specifically warned plaintiff of a rotten area in the wooden floor of the truck. The rotten area, which contained a small hole, was located midway between the side walls at the very rear of the truck, as shown in the following photograph:[2]
*980 
While plaintiff was walking backwards (according to defendant's driver's testimony) in helping another worker carry one of the heavy boxes halfway through the unloading, he stepped on the rotten area and fell through the floor of the truck. He filed this action to recover the damages sustained in the accident.
The trial court rendered judgment in favor of defendant. Finding that plaintiff, after being warned of the defect, became inattentive during the unloading procedure and stepped on the spot known to be defective, the court held that plaintiff was contributorily negligent or assumed the risk of the injury.
The court of appeal affirmed. 476 So.2d 905. Although observing that the hole created an unreasonable risk of injury and caused the accident, the court concluded that plaintiff's recovery was barred by his contributory negligence in failing to avoid the hazard about which he had been warned. We granted certiorari. 479 So.2d 913.
Resolution of this case essentially turns on a duty analysis. Before the legislative adoption of comparative fault, the courts, in certain cases in which the relative positions of the parties were disparate and the corresponding duties were grossly disproportionate, have used a comparative duty analysis to mitigate the harshness of the all-or-nothing contributory negligence doctrine. See Argus v. Scheppegrell, 472 So.2d 573 (La.1985); Outlaw v. Bituminous Insurance Co., 357 So.2d 1350 (La. App. 4th Cir.1978); Baumgartner v. State Farm Mutual Automobile Insurance Co., 356 So.2d 400 (La.1978).
One of the risks which arises when there is a rotten area in the wooden floor of a delivery truck is that persons involved in loading or unloading the truck will walk in that area and fall through the floor. Because of this risk, there is a duty on the truck owner to repair the hazard and prevent such an occurrence. Here, the owner concedes that it did not repair the hazard, but contends that it fulfilled its duty by warning the person unloading the truck of the hazard.
*981 Perhaps a warning would be significant in determining the relative degrees of fault in a comparative fault regime. However, a mere warning under the circumstances of this case simply cannot discharge the truck owner of all responsibility under an all-or-nothing contributory negligence system.
A warning of a hazardous condition does not necessarily relieve a defendant of its duty, but rather heightens a plaintiff's duty to protect himself against the risk.[3] A defendant's duty to repair a hazardous condition generally continues after the warning, and when the breach of that duty ripens into an injury to a warned plaintiff, it is appropriate to analyze the comparative duties of the parties and the circumstances of the case and to determine as a policy matter (at least under a contributory negligence system) whether the warning warrants complete absolution of the defendant from liability.
Here, the duty on defendant to remedy the particular hazard was especially onerous. The purpose of the rule of law imposing this duty is to protect persons who are engaged in this type of substantial work activity from walking inadvertently in the rotten area, although warned of the existence of the hazard. A person busily unloading heavy boxes from a delivery truck as part of his employment duties cannot reasonably be expected to watch every step in the unloading process so as to avoid a disclosed risk. Therefore, the warning under such circumstances does not remove all of the duty from the truck owner and place the duty entirely on the victim to avoid the risk. Rather, at least under the all-or-nothing contributory negligence system, the entire responsibility should be placed on the truck owner to protect this particular class of persons who cannot reasonably be expected to bear the full responsibility of protecting themselves against such a risk. It would be completely unreasonable to totally excuse the defendant, who did nothing at all to correct the easily repairable hazard and permitted it to continue in existence, while totally penalizing the plaintiff, who simply did not remember during every moment of the unloading operation the existence of this almost non-apparent hazard. Under the circumstances of this case, any slight fault by plaintiff in encountering or failing to avoid this extremely hazardous risk cannot reasonably be deemed to totally excuse defendant's callous disregard for the safety of others or to completely bar plaintiff's recovery of his damages.[4]
Accordingly, the judgments of the lower courts are reversed, and it is ordered that judgment be rendered in favor of plaintiff. The case is remanded to the court of appeal for the determination of the amount of damages.
MARCUS, J., concurs.
DENNIS, J., concurs with reasons.
BLANCHE, J., dissents and assigns reasons.
*982 BLANCHE, Justice (dissenting).
The plaintiff does not fall within the class of persons intended to be protected by the duty imposed upon the owner of the truck; that duty being that the truck be kept free from the type of defect involved here. The duty is not imposed to protect an unsolicited helper carrying out the orders of his supervisor (not those of the truck driver) after having been forewarned of the risk which he eventually did encounter.
Furthermore, both lower courts were correct in finding in this pre-comparative fault case that the plaintiff was contributorily negligent.
NOTES
[1] The suit was actually instituted by Travelers Insurance Company, Woolco's workmen's compensation insurer, who sought recovery of compensation benefits paid to Field. He subsequently intervened in the same action seeking recovery for his own damages. Travelers did not seek review of the trial court's dismissal of the action. For sake of clarity, Field will be referred to in this opinion as plaintiff.
[2] The size of the hole prior to the accident was disputed at trial. Defendant's driver estimated that the hole was six inches wide, while plaintiff testified that the hole pointed out to him was the size of a quarter.
[3] Depending on the circumstances of a particular case, a warning may be sufficient to delineate the point at which a defendant's duty ends and a plaintiff's duty begins.
[4] The alleged victim fault in this case involves aspects of both assumption of risk and contributory negligence. Assumption of risk may occur when the plaintiff is aware of a risk that has been created by the defendant's negligence and nevertheless voluntarily chooses to encounter the risk. In the present case, however, there was nothing voluntary about plaintiff's encountering the risk. He was instructed by his supervisor to unload the truck. His choice was to encounter the known risk or to quit his job. Compare Chaney v. Brupbacher, 242 So.2d 627 (La.App. 4th Cir.1970); Esco v. Smith, 468 So.2d 1169 (La.1985). The voluntary consent that underlies the assumption of risk doctrine was totally lacking.

There is also an element of contributory negligence when a person makes an unreasonable choice to voluntarily encounter a known risk. Again, this case did not involve a voluntary choice. Since plaintiff unwillingly exposed himself to the known risk and then unwittingly failed to avoid the virtual trap that defendant permitted to exist, any contributory negligence under the circumstances should be deemed insufficient to bar recovery.