506 So.2d 739 (1987)
Robert WILKINSON, et ux.
v.
TOWN OF BAKER, Louisiana, and Parish of East Baton Rouge.
No. CA 86 0259.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
*740 William D. Beck, Jr., Baton Rouge, for plaintiff-appellee Robert Wilkinson, et ux.
Horace C. Lane, Baton Rouge, for defendant-appellee State Farm Ins. Co.
William Weatherford, Caroline Norton, Baton Rouge, for defendant-first appellant Parish of East Baton Rouge.
Judith R. Atkinson, Baton Rouge and William C. Bradley, Baker, for defendant-second appellant Town of Baker, La.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.
This is a suit for damages in tort arising out of an automobile accident which occurred on McHugh Road in the City of Baker in East Baton Rouge Parish, Louisiana. Made defendants were the City of Baker (City)[1] and the Parish of East Baton Rouge (Parish). The basis of this suit was the alleged negligence of the defendants, which the plaintiffs'[2] petition sets out as follows:
A. In constructing a concrete `manhole' cover to a storm drain within two feet of the traveled portion of the roadway of McHugh Road;
B. In failing to provide adequate shoulder to McHugh Road;
C. In failing to provide adequate or proper marking to prevent passing from the southbound lane of McHugh Road into the northbound lane;
D. Other acts of negligence.
The Parish answered denying its liability, asserted the affirmative defenses of contributory negligence and assumption of risk, and third partied the City for indemnity or, alternatively, contribution. The City similarly answered the petition and third partied the Parish for indemnity and/or contribution. After trial, judgment was rendered on the main demand in favor of plaintiffs and against the defendants for *741 $57,338.78.[3] The trial court granted the Parish's third party demand against the City for indemnity for any part of the main judgment which the Parish may actually pay to the plaintiffs. The City appealed suspensively; the Parish appealed devolutively.

FACTS
This accident occurred at approximately 10:30 a.m. on February 5, 1981. Mary Nadine Wilkinson was driving her automobile north on McHugh Road at about thirty miles per hour with her minor daughter, Tanya Holmes, in the back seat. At the same time, a vehicle approaching in the opposite direction in the southbound lane of traffic was being passed and overtaken by another vehicle headed south. The passing vehicle was in the northbound lane on a collision course with plaintiff's vehicle, forcing Mrs. Wilkinson to veer off the roadway and into the roadside ditch. The driver of the passing vehicle did not stop and remains unidentified.
Upon entering the ditch, Mrs. Wilkinson's automobile traveled at least fifty feet, striking a sewer system manhole structure, then traveled about twenty-five feet more before striking and coming to rest against a private driveway culvert. McHugh Road was part of the Parish's road system and was maintained by the Parish. The City designed, constructed and maintained the manhole structure.

LIABILITY OF THE CITY
The City's basic contention is that the trial court erred in finding it liable under the main demand and under the third party demand. The trial court found that the manhole structure located in the shoulder of the road was negligence for which the City was ultimately liable.
In La.R.S. 48:1(11), (20), (21) and (22), the legislature has defined the following terms which are applicable in the instant case:
(11) `Highway' means a public way for vehicular, mounted, and pedestrian traffic, including the entire area dedicated thereto and the bridges, culverts, structures, appurtenances, and features necessary to or associated with its purposes.
....
(20) `Roadway' means that portion of a highway improved, designed or ordinarily used for vehicular traffic, exclusive of the berm or shoulder.
(21) `Shoulder' means the portion of the highway contiguous with the roadway for accommodation for stopped vehicles, for emergency use and for lateral support of base and surface.
(22) `Roadside ditch' means any ditch constructed or maintained by the highway agency having jurisdiction over the highway, contiguous to the shoulder thereof, for the purpose of draining the highway. [Emphasis added.]
Plaintiffs' expert in the field of traffic engineering and accident reconstruction described the area as follows:
The roadway itself is 17 feet 9 inches wide. I measured it in a couple of places. It's blacktop or bituminous surface. The manhole that the vehicle struck is located on the east, partly on the shoulder and in the ditch, and it's twenty-five feet eight inches south of the culvert that the vehicle struck, which is under a private driveway. The shoulder on the east side, or the right-hand side traveling northbound, was between ... at its narrowest point I measured was six inches wide, about 150 feet south of the impact point. It's [sic] widest point was a foot and a half wide. In the vicinity of the manhole, it was about a foot wide. The ditch itself was about three feet deep and about four or four and a half feet wide at the top.
It is uncontradicted that the portion of the manhole structure located on the shoulder was flush with the roadway surface. The portion of the manhole structure that extends into the ditch is not flush with the sides of the ditch. It was this part, *742 sticking out into the ditch, that plaintiff's car came into contact with after it entered the ditch. There was no condition in the shoulder of the road that caused any damage to plaintiffs. The injuries sustained by Mrs. Wilkinson and Tanya were caused by the impact of the car with the culvert. Any factual conclusion to the contrary by the trial judge is unsupported by the evidence and manifestly erroneousclearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The evidence also fails to show that striking the manhole in the ditch caused Mrs. Wilkinson to lose control and strike the culvert, which was only twenty-five feet away.
It is well settled that the political subdivision which owns or has custody of a public highway owes a duty to the traveling public to maintain the roadway and shoulder thereof in a reasonably safe condition for vehicular use. Myers v. State Farm Mutual Automobile Insurance Company, 493 So.2d 1170 (La.1986). The roadway and shoulder of the highway are intended for vehicular use by statutory definitions; however, the roadside ditch is not so intended. The roadside ditch is constructed and maintained "for the purpose of draining the highway." La.R.S. 48:1(11)(20)(21) and (22). Because the roadside ditch is intended for drainage and not vehicular use, there was no duty on the part of the City to construct or maintain the portion of the manhole located in the ditch in such a way that it did not pose an unreasonable risk of danger for vehicles in the ditch. Such a duty would only apply to the shoulder.[4]
Accordingly, the trial court erred in imposing liability on the City.
This assignment of error has merit.

QUANTUM
The Parish contends the trial court abused its discretion in awarding excessive general damages of $50,000 to Mrs. Wilkinson.
In his reasons for judgment, the trial judge found as follows:
The injuries suffered by Mrs. Wilkinson are considerable and include three fractures to the lower surrounds of the eye, a severe laceration of her lower lip, and loss of half of a tooth.
Mrs. Wilkinson did have surgery to repair the bone fracture and suffered dizziness, blurred vision, swelling and watering of the left eye. At times, she was depressed and suffered severe post concussions syndrome. Over the course of her recovery, Mrs. Wilkinson was treated by Dr. Peden and his associate Dr. Mitchell from the surgery to repair the fracture: Dr. Marks and his associate Dr. Afeman for problem with her eye: Dr. Gold, a neurologist, for psychological problems; and Dr. Teel, a dentist.
Mrs. Wilkinson wore a patch over her left eye for approximately three months. She said she looked like a monster and still has severe pain in the left portion of her face.
Considering the severity of the injuries and the length of recovery, the Court finds an award of $50,000.00 is reasonable.
The Parish does not contest the trial judge's factual findings of injury; it merely contends the award of $50,000 for these injuries is excessive. Before an award may be questioned as inadequate or excessive, the reviewing court must look to the individual circumstances of the instant case. This initial inquiry must be directed to whether the award for the particular injuries and their effects upon the particular injured person is a clear abuse of the trier of fact's much discretion. Reck v. Stevens, 373 So.2d 498 (La.1979).
After reviewing the evidence of record, we cannot say that the trial judge abused his much discretion in awarding $50,000 to Mrs. Wilkinson for these injuries.
*743 This assignment of error is without merit.

DECREE
For the foregoing reasons, the judgments on the main demand in favor of the plaintiffs against the City and on the third party demand of the Parish against the City are reversed, and those claims are dismissed with prejudice. In all other respects, the judgment of the trial court is affirmed. The Parish is cast for all costs of $980.86.
REVERSED AND RENDERED IN PART; AFFIRMED IN PART.
NOTES
[1] The record sometimes refers to the City of Baker as the Town of Baker.
[2] The plaintiffs were Mrs. Mary Nadine Wilkinson and Tanya Holmes, who sought general damages for their injuries, and Robert Wilkinson, as head of the community, who sought recovery of the medical expenses of Mrs. Wilkinson and Tanya.
[3] The trial court's determination of damages consisted of $5,838.78 in medical expenses, $1,500 in general damages for Tanya'a injuries, and $50,000 in general damages for Mrs. Wilkinson's injuries.
[4] We note, however, that the Parish has appealed only the excessiveness of damages. The trial court's judgment finding fault in the Parish is final; therefore, we need not address whether the roadway and shoulder owned and maintained by the Parish were actually defective or not.