577 So.2d 1068 (1991)
Jerry Joe ROGERS
v.
PARISH OF EAST BATON ROUGE, et al.
No. CA 89 2053.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Writ Denied May 31, 1991.
*1069 Francis Rougeou, Baton Rouge, for plaintiff-appellant Jerry Joe Rogers.
Ann Halphen, Baton Rouge, for defendant-appellee South Cent. Bell.
W. George Bayhi, Parish Atty., Baton Rouge, for defendants-appellees City of Baton Rouge, et al.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
GONZALES, Judge.
This is a suit for damages in tort arising out of an automobile accident. Plaintiff Jerry Joe Rogers appeals the ruling of the Nineteenth Judicial District Court which granted defendant South Central Bell's motion for summary judgment.
On December 25, 1987, plaintiff, John McGee and their dates picked up two cases of beer and an ice chest and proceeded to the home of McGee's parents. They left about an hour later and while on the road had a flat tire. They called plaintiff's brother to help and by the time the flat was fixed the two cases of beer had been consumed and the group purchased additional beer from 7-Eleven in twelve packs. After dropping off their dates, Rogers and McGee went to a local bar, The Sports Page. They later left to pick up Roger's car, but neither man recalls who was driving at that time.
While driving on Flannery Road, approximately five minutes from The Sports Page, their vehicle left the road, went into the ditch and traveled 316 feet before striking a reinforced concrete culvert located in the City/Parish right-of-way and owned by South Central Bell. Both Rogers and McGee were severely injured. Plaintiff Rogers filed suit in the Nineteenth Judicial District Court against the Parish of East Baton Rouge, South Central Bell Telephone Company and their respective insurance companies, Loren Williams, the owner of the truck, and his insurer Champion Insurance Company. South Central Bell filed a motion for summary judgment. A judgment dismissing South Central Bell was signed by Judge Doug Moreau on August 11, 1989.
Plaintiff appealed and assigns the following specifications of error:
1) The trial court erred in granting defendant South Central Bell's motion for summary judgment when there does exist a genuine issue as to material facts regarding the custodial liability of South Central Bell.
2) The trial court erred in considering South Central Bell's affidavit which was filed only three days prior to the hearing *1070 in support of the defendant's motion for summary judgment, which did not allow plaintiff a sufficient amount of time to secure a counteraffidavit in opposition to the defendant's motion.
3) The trial court erred in failing to grant plaintiff's motion for a new trial, when new evidence was obtained which was instrumental in establishing the plaintiff's liability.

FACTS
Officer Margie Groht of the Baton Rouge Police Department was the first to reach the accident scene. She was unable to obtain statements from Rogers and McGee because of the severity of their injuries. She believed that Rogers was the driver of the vehicle because he was lying at the left front of the truck with his head under the truck. McGee was thrown thirteen feet north of the vehicle and to the right side of the vehicle. Blood was not drawn from Rogers at the hospital due to the severity of his injuries.
Officer Groht's police report concluded that the driver failed to maintain control of the vehicle. She testified at deposition:
Q. Could you determine from your observations that night as to why he failed to negotiate that curve?
A. The only possibility would be alcohol. There were no defects whatsoever in the roadway. We checked that. There was nothing else to really cause it unless he had some kind of mechanical failure in the vehicle itself, which I don't know.
Officer Jimmy Attuso arrived at the scene after Officer Groht. He and two other officers observed that the truck's speedometer was stuck on 68 miles per hour, indicating the speed at the time of impact. The posted speed for Flannery Road is 45 miles per hour. The windshield of the truck was lying 48 feet north of the vehicle and the hood of the truck was lying 31 feet north of the vehicle, both also indicating a high rate of speed at the time of impact.
Officer Attuso observed numerous empty beer cans in the cab and bed of the truck and lying around the vehicle. He made a detailed report which stated:
During the investigation, officers observed seven empty beer cansthree Coors Lites, 12-ounce; three Miller Lites, 10-ounce; and one Bud Lite, 10-ounce, all lying around the vehicle.
Officer observed four empty beer cansthree Bud Lites 10-ounce, and one Budweiser 10-ounce, lying in the bed of the truck.
Officer also observed one J.D. Dant Whiskey bottle broken on the front seat, but the seal on the cap was not broken.
Officer observed sixteen empty beer cansnine Coors Lites, 12-ounce; five Miller Lites, 10-ounce; and two Bud Lites, 10-ounce, lying in the bed of the truck.
Officer Attuso testified:
Q. Did you get close enough to them to notice any alcohol?
A. You could smell alcohol on them.
Officer Attuso testified that he felt the driver was highly intoxicated, could not control the vehicle at a high rate of speed and as a consequence, ran off the road. He also testified that because the speedometer indicated 68 miles per hour, there was a good possibility that prior to impact the vehicle was traveling faster than 68 miles per hour. McGee testified that he and Rogers each drank more than a case of beer before the accident, and that he believed the cause of the accident was "too much alcohol".
Plaintiff-appellant's claim for damages against defendant, South Central Bell, is based upon South Central Bell's alleged failure to correct an unreasonably dangerous situation which it knew or should have known under the circumstances to exist and which created an unreasonable risk of harm. Specifically, Rogers alleges that South Central Bell caused an unreasonably dangerous situation by placing a reinforced concrete headwall near a dangerous curve and on the city's right-of-way.
ASSIGNMENT OF ERROR NUMBER 1
Whether the trial court erred in granting defendant South Central Bell's motion *1071 for summary judgment, when there does exist a genuine issue as to the material facts regarding the custodial liability of the aforementioned defendant.
Plaintiff-appellant alleges that South Central Bell is liable under both a negligence and strict liability theory. In regard to strict liability, plaintiff argues that the culvert/headwall presented an "unreasonable risk of harm due to its location near a heavily traveled roadway and its size".
Plaintiff has presented no evidence that the headwall was defective in any way. The mere fact that an accident or injury occurs is not proof of a defect or an unreasonably dangerous condition. Broussard v. Pennsylvania Millers Mutual Insurance Co., 406 So.2d 574 (La.1981). Under Louisiana law, a custodian will not be held responsible for every injury resulting from every risk, but only for those injuries caused by an unreasonable risk of harm to others. (Emphasis added) Entrevia v. Hood, 427 So.2d 1146 (La.1983); Shipp v. City of Alexandria, 395 So.2d 727 (La.1981); Maltzahn v. City of New Orleans, 433 So.2d 417 (La.App. 4th Cir.1983).
It is undisputed by plaintiff that the culvert was located 10 to 12 feet east of the road and in the ditch. The record shows that the culvert was constructed in the only possible location, which was dictated by the location of the ditch apparently constructed by the City/Parish for drainage purposes. The culvert could not reasonably have been located in any other place. There was no visual obscurement to motorists approaching the curve where the vehicle left the roadway. The police report indicated the roadway was dry at the time of the accident and there were no defects in the roadway. It is undisputed by plaintiff that at the time of impact the vehicle was apparently traveling 68 miles per hour in a 45 mile per hour zone and that both Rogers and McGee had consumed a large amount of alcohol before the accident. It is undisputed that Officer Attuso observed a large number of empty beer cans in and around the vehicle and smelled alcohol on the breath of both Rogers and McGee. The trial court correctly found that plaintiff failed to meet the burden of proof necessary to show the headwall created an unreasonable risk of harm to others.
Plaintiff also asserts that South Central Bell is liable to him under a negligence theory. Plaintiff asserts "South Central Bell had a duty to protect the public against the risk that a motorist might lose control of his or her vehicle, drive it off the road, and hit the concrete structure, situated in close proximity to the curve".
As stated by the Fourth Circuit in Armand v. Louisiana Power & Light Company, 482 So.2d 802, 803 (La.App. 4th Cir.) writ denied, 484 So.2d 669 (La.1986), in order for the defendant's conduct to be considered the legal cause of the plaintiff's injuries, its conduct must be a cause in fact of the injuries. The risk and harm encountered by a plaintiff must fall within the scope of protection afforded by a defendant's duty which was breached by its negligence... Negligent conduct is a cause in fact of harm to another if it is considered a substantial factor in bringing about the harm. Thomas v. Missouri Pacific Railroad Company, 466 So.2d 1280 (La.1985). The cause must play a significant role in causing the injury. Lastrapes v. South Central Bell Telephone Company, 473 So.2d 115 (La.App. 3d Cir.); writ denied, 477 So.2d 708 (La.1985), Carter v. Dr. Pepper Bottling Company, 470 So.2d 496 (La. App. 1st Cir.1985).
A motorist has a duty to control an automobile and maintain a proper lookout. Russo v. Guillory, 322 So.2d 233 (La.App. 4th Cir.1975), writ denied 325 So.2d 608 (La.1976); Hebert v. Lefty's Moving Service, 389 So.2d 855 (La.App. 4th Cir.1980).
The culvert/headwall owned by South Central Bell is located 10 to 12 feet from the road in a ditch. The location of the culvert did not create an unreasonable risk of harm. The law applicable to this case is found in Perkins v. State Department of Transportation & Development, 515 So.2d 553, 555 (La.App. 1st Cir.), writ denied 515 So.2d 1114 (La.1987). This Court found in Perkins,
*1072 The roadway and shoulder of the highway are intended for vehicular use by statutory definitions; however, the roadside ditch is not so intended. The roadside ditch is constructed and maintained "for the purpose of draining the highway." Because the roadside ditch is intended for drainage and not vehicular use, there was no duty on the part of either DOTD or the Parish to construct or maintain the utility pole located on the back of the ditch in such a way that it did not pose an unreasonable risk of danger for vehicles in the ditch. See Wilkinson v. Town of Baker, 506 So.2d 739 (La.App. 1st Cir.1987).
The culvert in the case sub judice is analogous to the utility pole in Perkins.
In Wilkinson v. Town of Baker, 506 So.2d 739 (La.App. 1st Cir.1987), plaintiff's car was forced by a passing car to veer off the roadway and into a ditch. The car traveled about fifty feet before striking a sewer manhole structure, then traveled about twenty-five more feet before it came to rest against a private driveway culvert. This Court found there was no duty on the part of the City to construct or maintain the portion of the manhole located in the ditch in such a way that it did not pose an unreasonable risk of danger for vehicles in the ditch, because the roadside ditch was intended for drainage and not vehicular use.
In the case sub judice, the sole cause of the accident was the negligence of the driver of the car who, while driving under the influence of alcohol, failed to negotiate a curve while traveling at a high rate of speed and drove into a ditch, traveling 316 feet before hitting the culvert and then a fire hydrant.
A motion for summary judgment should be granted only if the pleadings, depositions and all records on file show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law, La.C.C.P. art. 966. We find South Central Bell is entitled to summary judgment as a matter of law. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER 2
Assignment of error number two alleges the trial court erred in considering South Central Bell's affidavit filed only three days prior to the hearing in support of the defendant's motion for summary judgment which did not allow the plaintiffs a sufficient amount of time to secure a counter affidavit in opposition to the defendant's motion. Louisiana Code of Civil Procedure Article 966 provides that service of a motion for summary judgment must be made at least ten (10) days before the hearing. There is no requirement that mover file supporting affidavits ten (10) days prior to the hearing. The court in In re Gary, 300 So.2d 524 (La.App. 2d Cir.), writ denied 303 So.2d 179 (La.1974), held that it was not error for the trial court to consider the mover's affidavits at the hearing on the motion for summary judgment even though the affidavits were not filed until that day. The court stated "It should be first noted the article [La.C.C.P. art. 966] makes no specific reference to any time limitation on the filing of a proponent's affidavits." In re Gary, 300 So.2d at 525. In any event, in the case sub judice the trial judge on the day of oral argument (July 14, 1989) advised both counsel that the court would leave the record open until July 19, 1989, solely for the purpose of filing a countervailing affidavit, if in fact such could be obtained.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER 3
Assignment of error number three alleges the trial court erred in failing to grant the plaintiff's motion for new trial, when new evidence was obtained which was instrumental in establishing the plaintiff's liability. In their application for new trial, plaintiffs rely solely on the affidavit of David Androwski, whom they allege had an accident involving the same culvert/head wall owned by South Central Bell. Plaintiff alleges this affiant was a crucial witness to establish the requisite knowledge necessary to impose liability under the negligence rule. The trial court judge at the hearing on the motion for summary judgment, July 14, 1989, stated *1073 that he would allow the parties additional time to file a counter affidavit to South Central Bell's affidavit of the architect which stated that the design of the driveway and culvert conformed to all then-applicable codes, standards and laws. The judge stated "Other than that, I'm not going to let the record by supplemented any further than that." Instead of filing a counter affidavit, the plaintiff filed the affidavit of Androwski into the record on July 18, 1989. Plaintiff alleged in its motion for new trial that Androwski could not be located earlier by plaintiff. The motion for summary judgment was filed by plaintiff on May 19, 1989. Hearing on the motion for summary judgment was not held until July 14, 1989. The trial court denied plaintiff's motion for new trial on the motion for summary judgment, finding that the Androwski affidavit was outside of those things for which the record was left open and that it did not consider the affidavit because it was not in the record at the time of the argument on the motion for summary judgment, and because it was outside the confines of the allowance for keeping the record open, and there was no request that the record be left open for such an affidavit.
Louisiana Code of Civil Procedure Article 1972 provides "A new trial shall be granted upon contradictory motion of any party, in the following cases: ... (2) When the party has discovered, since the trial, new evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial ..."
The only reason given by plaintiff for not securing Androwski's affidavit earlier is that "plaintiff was unable to locate him." Plaintiff states in his brief, "The attestation of Mr. David Androwski establishes that the defendant, South Central Bell, did in fact have knowledge that the structure they placed within the right-of-way of South Flannery Road did create an unreasonable risk of harm." The affidavit of Androwski states that he was returning from a hunting trip three or four years ago, had been drinking, ran off the curve on South Flannery Road and hit the culvert at issue in the present case. A police report of the incident was filed into the record by plaintiff on August 9, 1989. The police report states that subject ran off the road and abandoned his vehicle which was found by police at 1:00 a.m. on February 15, 1984. The police report found "Subject states that his steering column locked up and he ran off the road ... He stated he didn't realize he had to report the accident because he thought he just ran into a ditch." The existence of the affidavit and police report does not warrant a new trial. The fact that three years prior to this accident an intoxicated driver lost control of his vehicle, ran off the road and hit the same culvert does not show that the culvert was defective in any way. The motion for new trial was properly denied.
This assignment of error has no merit.
Defendant-appellee, South Central Bell, in answer to plaintiff's appeal of this case contends this appeal is frivolous and requests an award of damages and attorney fees under La.C.C.P. art. 2164.
This Court has found that under La.C.C.P. art. 2164 recovery of damages for frivolous appeal is penal in nature and must be strictly construed. Weatherall v. Department of Health and Human Resources, 432 So.2d 988 (La.App. 1st Cir.), writ denied 437 So.2d 1150 (La.1983). Where contentions raised on appeal are without merit, but raise legitimate issues, damages for frivolous appeals are not allowed. Sample v. Sample, 432 So.2d 376 (La.App. 1st Cir.1983).
Therefore, all costs of this appeal are to be borne by plaintiff herein.
AFFIRMED.