617 So.2d 57 (1993)
Benita FRANKLIN, et al.
v.
FORD MOTOR CORPORATION, National Lend Lease Company, et al.
No. 92-CA-1894.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
Darleen M. Jacobs and Brian C. Beckwith, New Orleans, for Benita Franklin.
Robert E. Peyton and Susan A. Zeringue, Christovich & Kearney, New Orleans, for Nat. Lend Lease Co.
Before CIACCIO, WARD and LANDRIEU, JJ.
WARD, Judge.
Benita Franklin appeals a summary judgment which held that National Lend Lease Inc. ("National"), was not liable for Franklin's personal injuries. Franklin was employed to deliver pizzas in an automobile which National leased to Pizza Hut. Franklin does not contend that National was negligent. She contends National is liable under strict liability theories either as owner or as lessor of the vehicle.
We hold National is not strictly liable under any theory, and we affirm the trial court's summary judgment.
The accident occurred on November 1, 1986, when Franklin was driving an automobile leased to Pizza Hut while she was in the course of her employment as a Pizza Hut delivery person. The vehicle malfunctioned. When Franklin put the car into reverse, the car accelerated before she touched the gas pedal and struck several *58 parked cars and an adjacent brick building. Franklin sustained injuries and brought an action against Ford Motor Company, the manufacturer, Lamarque Ford, Inc., the seller, National Lend Lease, Inc., the lessor, and Firestone Tire & Rubber Company, who was responsible for maintenance of the vehicle. Pizza Hut intervened to recover the worker's compensation it paid to Franklin.
Lamarque sold the car to National, who then leased it to Pizza Hut. The car was delivered by Ford Motor Company directly to Pizza Hut. National did not see the car and never had possession of it.
Franklin argues three reasons why the summary judgment should be reversed. The first is an argument as to procedure, the remaining two go to the merits. Before turning to the merits of whether National is liable as owner or lessor under strict liability theories, we will dispose of Franklin's argument of procedural deficiencies.
She contends that an affidavit in support of the motion for summary judgment was not timely served because it was only delivered by mail one day before the scheduled hearing. She contends C.C.P. art. 966 requires that an affidavit in support of the motion for summary judgment must be served ten days prior to the hearing. However, the article provides, "The motion for summary judgment shall be served at least ten days before the time specified for the hearing." The Article does not make the same requirement for the various documents to be filed in support of the motion. Louisiana courts have consistently held that the ten day service requirement does not apply to supporting affidavits. Rogers v. Parish of East Baton Rouge, 577 So.2d 1068 (La.App. 1 Cir. 1991) writ denied 580 So.2d 925 (La.1991); FSLIC v. Edwards, 562 So.2d 1148 (La. App. 4 Cir.1990). However, Franklin relies on several cases where the opponent to the summary judgment was not allowed to present countervailing affidavits due to untimeliness. These are not relevant here.[1] C.C.P. art. 966 says nothing as to when the mover must file supporting documents. It only says "The adverse party may serve opposing affidavits prior to the date of hearing." And even if there was error, it was harmless. Franklin was fully aware of National's defense, the evidence it would present, and the argument it would make. Aside from the contested affidavit, there were five other exhibits that the trial court had before it, which would support National's position and the trial court's decision. Therefore, this assignment of error is without merit.
Franklin's second argument goes to the merits, and she contends summary judgment was inappropriate because of National's status as the owner of the car. Franklin argues that National is liable even without negligence on its part because it is strictly liable as an owner under C.C. art. 2317, and she argues this is true even without physical custody.
Art. 2317. Acts of others and of things in custody
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody...
We find this argument contrary to the principles expressed in Doughty v. Insured Lloyds Insurance Company, 576 So.2d 461 (La.1991). Doughty holds that before an owner is strictly liable the owner must also have "garde" or control over the thing. The court must look to the benefit derived from the thing and what kind of direction and control the person exercised over the thing. Although ownership creates a presumption of garde, this presumption may be rebutted by the owner. Id. at 464. In Ellison v. Conoco, Inc., 950 F.2d 1196 (5 Cir.1992), a factually similar case, the Court held that the record owner of a snubbing unit was not liable under C.C. art. 2317 because it did not exercise any control *59 over the unit and never took physical possession. In this case, just as in Ellison, supra, National as owner never had physical possession or "custody" of the vehicle. National acted as an intermediary. Physical custody went directly from Ford to Pizza Hut. Even though National owned the vehicle, it did not have custody within the meaning of the French word "garde" as used in Louisiana case law. Therefore, National is not strictly liable under C.C. art. 2317.
Franklin also argues that National is liable as a lessor for a lessor's liability under C.C. art. 2695.
The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.
This article is restricted to the lessor/lessee relationship and does not apply to third parties whose rights are protected by other articles including 2315, 2317, 2322, and 660. Reed v. Ramsay, 355 So.2d 618 (La.App. 4 Cir.1978); Albritton v. J.C. Penney Co., 385 So.2d 549 (La.App. 3 Cir.1980). The lease agreement was between Pizza Hut and National; Franklin was not a party to the lease. Even if she were, the lease contains a waiver of warranty clause which would deny her a remedy.
Therefore, for the reasons assigned above, we affirm the judgment of the district court. All costs are assessed to Franklin.
AFFIRMED.
NOTES
[1] Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, 346 So.2d 743 (La.App. 1 Cir.1977); Morris v. Canipe, 528 So.2d 659 (La.App. 2 Cir. 1988); Ruschel v. Wesbak Park, 466 So.2d 584 (La.App. 5 Cir.1985).