11 SAUNDERS, Judge,
dissenting.
In this case, the majority affirms a jury’s erroneous conclusion that a tort victim can be held 100% responsible for injuries resulting at least in part from defendant’s knowing failure to provide him with a safe piece of heavy machinery.
It does so on two grounds: defendant had no duty to plaintiff to furnish a piece of heavy machinery equipped with a seat belt, because plaintiff was not a party to the contract requiring same; and the jury was not wrong in concluding that, even had seat belts been furnished, plaintiff would not have worn them since he frequently failed to wear them when they were available.
I cannot accept this reasoning and dissent for the following reasons.

|DEFENDANT’S DUTY

Contractual Obligation:

Relying upon Franklin v. Ford Motor Corporation, 617 So.2d 57 (La.App. 4 Cir.1993), the majority finds that, because plaintiff was not invited to sign the contract between the lessor and Fort Polk, he cannot rely upon it in claiming recompense for the losses occasioned by the contract’s breach. Franklin is distinguished.. There, as with the “factually similar” case of Ellison v. Conoco, Inc., 950 F.2d 1196 (5th Cir.1992), cited in Franklin, the court painstakingly observed that the owner never saw the defective vehicle which it leased and “never had possession of it,” in contrast to the lessor here.[1]

Legal Obligation:

If nothing else, the contract’s seatbelt provision unequivocally put defendant on notice of the risk encountered by its taking.
At any rate, the majority errs in concluding the inquiry here. In zeroing in on the conventional obligations imposed upon the lessor by the contract, the majority neglected to consider. the legal obligations imposed upon the lessor by the law. I believe the equipment’s owner-lessor had an extra contractual legal duty to furnish a safe vehicle.
Art. 1757. Sources of obligations
Obligations arise from contracts and other declarations of will. They also arise directly from the law, regardless of a declaration of will, |3in instances such as wrongful acts, the management of the affairs of another, unjust enrichment and other acts or facts.
La.Civ.Code art. 1757.
Art. 2315. Liability for acts causing damages
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a *413 cause of action for 'wrongful death of an injured person.
La.Civ.Code art. 2315.
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
La.Civ.Code art. 2317.
Regardless of defendant’s contractual obligations, defendant was legally obligated not to imperil the safety and well-being of an individual it knew would be using the equipment on uneven terrain consistent with its intended purposes. Defendant is responsible for making plaintiffs injuries inevitable, on grounds either of negligence or strict liability. As seat belts are designed for the protection of all, even the foolhardy, defendant at least bears responsibility for eliminating the possibility that plaintiff might emerge from the accident unscathed. By analogy, see Ambrose v. New Orleans Police Amb. Serv., 93-3099, 93-3110, 93-3112 at n. 4 (La. 7/5/94); 639 So.2d 216 (collecting cases) (Bereaved survivor need not show that a loved one would have survived, but rather that a defendant’s negligence eliminated the chance of survival).
| .^Additionally, as owner-lessor of the property, defendant is answerable under La.Civ. Code art. 2317 due to the equipment’s lack of seat belt or roll cage and the lessor’s control over the equipment. See Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461 (La.1991) and extensive authority therein.

Apportionment of Fault:

Finally, in finding no error on the part of the jury, the majority notes that plaintiff often failed to wear a seat belt.
I do not think this is an adequate basis for awarding plaintiff no relief at all. In failing to provide its vehicle with a safety belt, defendant deprived itself of the opportunity to contend at trial that plaintiff was wholly responsible for his injuries.
La.Civ.Code art. 2323 prohibits imposition of an absolute contributory negligence bar to relief upon accident victims, even those who are partly to blame for his losses. Article 2323 applies regardless of which party is more blameworthy. Cupstid v. Harrison Hardwood Mfg. Co., 552 So.2d 1223 (La.App. 3 Cir.1989), writ denied, 558 So.2d 572 (La.1990); Motton v. Travelers Ins. Co., 484 So.2d 816 (La.App. 1 Cir.1986).[2]
La.Civ.Code art. 2323 emphatically states:
When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss. (Emphasis added.)
| sit appears that in absolving defendant of all responsibility in this case, the majority repeats the error made in Hopper v. Crown, 555 So.2d 46 (La.App. 1 Cir.1989), where a worker was thrown from an open-fronted forklift containing no seat belts. There, an undivided court concluded that plaintiffs suit against a non-manufacturer had no merit due to the risk, “obvious” to plaintiff and defendant alike, of plaintiffs being thrown from the vehicle when he braked. The Louisiana Supreme Court granted writs and reversed summarily. 558 So.2d 1117 (La.1990).
In comparing the circumstances of this case to Hopper, it should be observed that here the likelihood of plaintiffs accident[3] was smaller than in Hopper, and the law favoring his recovering relief, greater.[4]

*414
CONCLUSION

Defendant shares responsibility for plaintiff’s misfortune. In my view, the conclusion of the majority fails to take into adequate account the clear intent of La.Civ.Code art. 2323, which “was rewritten to eliminate the judicially created rule that contributory negligence was a complete bar to the plaintiffs recovery, and to substitute a procedure by which any negligence on the part of the plaintiff would |6operate as a percentage reduction of his recovery.” Murray v. Ramada Inns, Inc., 521 So.2d 1123 (La.1988).
While no one maintains that plaintiff is entirely free of responsibility for his injuries, it would surely seem inappropriate to find him solely at fault, for plaintiff at least sometimes wore seat belts — at least when they were made available to him.
Under the legal principles applicable to this case, the majority errs in overlooking defendant’s share of responsibility for the accident. “When multiple causes are present, defendant’s conduct is a cause in fact when it is a factor generating plaintiffs harm.” Rick v. DOTD, 93-1776, 98-1784, (La. 1/14/94); 630 So.2d 1271, 1275.
Accordingly, I respectfully dissent.

. The authority relied upon in Franklin, including cases from this circuit, concerned injuries allegedly caused by defects in immovable properly, explaining why of the four civil code articles to which the third parties were directed in reliance upon that authority, 2315, 2317, 2322, and 660, the latter two apply only to buildings in need of repair.

.Indeed, even before comparative negligence was adopted in this state, a “plaintiff's conduct if indeed it was substandard [was] no bar to her recoveiy of damages.” Rue v. State, Dept. of Highways, 372 So.2d 1197 (La.1979). Plaintiffs at times were even absolved of their negligence. See, e.g., Travelers Ins. Co. v. Southwestern Transp., 488 So.2d 978 (La.1986).

. Which required that the vehicle actually capsize.

. Even in pre-comparative fault Louisiana, a plaintiff's negligence could not be both the foreseen risk that imposed a duty and a defense to an action in tort arising from breach of that duty, see, generally, Buckbee v. Aweco, Inc., 614 So.2d *414 1233; and Argus v. Scheppegrell, 472 So.2d 573 (La.1985), and cases cited therein.
This rule, now subject only to reduction of relief commensurate with plaintiff's portion of fault, has not changed: "Once a duty is assumed, negligent breach of that duty may create liability.” Rick v. State, DOTD, 93-1776, 93-1784 (1/14/94), 630 So.2d 1271, 1275 (La.1994), citing Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984).
Thus, it would seem inconceivable that in enacting La.Civ.Code art. 2323 to eliminate the harsh results to plaintiffs of the prior law the legislature would have envisioned that an owner of equipment — concededly having knowledge of the equipment's defects, no less — might be wholly exonerated for its degree of blame. While La.Civ.Code art. 2323 no doubt reduces the likelihood that a plaintiff will be exonerated from fault for his share of the wrongdoing (or that this State's judiciary ever again might be forced to overlook a victim’s share of fault), being enacted in their favor, it would appear a bit incongruous to apply it in such a way as to overlook defendant’s share of responsibility.